OPINION
The instant action in mandamus is presently before this court for final consideration of the parties' competing motions for summary judgment. After reviewing the parties' respective evidentiary materials and legal arguments, this court holds that relator, Ronald Yobe, is entitled to a writ of mandamus because he has established that he has satisfied the statutory requirements for a continuing teaching contract. Thus, judgment will be entered against respondent, the Ravenna City School District Board of Education, on relator's mandamus claim.
Respondent is the political entity which has the statutory obligation to operate the Ravenna City School District. In late August 2000, respondent entered into a collective bargaining agreement with the Ravenna Education Association, the entity which represents all teachers who work for the school district. The terms of this agreement indicated that it was to be effective from September 2000 until August 2003.
Article 11 of this collective bargaining agreement delineated a grievance procedure under which a teacher could assert a claim contesting any alleged violation, misapplication, or misinterpretation of the agreement. In addition, Article 4 of the agreement set forth the conditions under which a teacher would be eligible for a continuing contract. In regard to a teacher who could become eligible for a continuing contract during his second year of employment, this part of the agreement stated that the teacher had to notify the building administrator of his eligibility by September 30 of his second year.
Relator is presently the holder of a permanent teaching certificate issued by the Ohio Department of Education. Since the beginning of the 1999-2000 academic year, relator has been employed as a teacher in the Ravenna City School District. Before accepting his current position, he worked for approximately twenty years as a teacher in the Warren City School District of Trumbull County, Ohio. During his tenure in the Warren district, relator was given a continuing employment contract.
In each of relator's first two years with the Ravenna City School District, he worked under a one-year limited teaching contract. Near the conclusion of the 2000-2001 school year, respondent offered to rehire relator for the 2001-2002 school year under a one-year limited contract. Subsequently, relator demanded that respondent give him a continuing employment contract under R.C. 3919.11. When respondent refused the demand, relator filed the instant mandamus action with this court.
In his petition, relator essentially asserted that respondent had no authority to offer him a third one-year limited contract. Specifically, he asserted that because he previously had been given a continuing contract in another school district, respondent only had two options under R.C. 3919.11: (1) rehire him under a continuing contract; or (2) not offer him any new contract for the 2001-2002 school year. Based upon this assertion, relator alleged that since respondent had offered him a contract for the present year, that contract must be deemed a continuing teaching contract as a matter of law.
After answering the mandamus petition, respondent moved for summary judgment on relator's claim. As the basis for its motion, respondent argued that relator's eligibility for a continuing contract was controlled by the relevant terms of the collective bargaining agreement. Respondent further argued that if the terms of the agreement had been applied improperly in this instance, relator had an adequate legal remedy through the filing of a grievance in accordance with the procedure set forth in the agreement. In support of this argument, respondent attached to its motion a partial copy of the agreement which had been executed in August 2000.
In filing his competing motion for summary judgment, relator did not challenge the authenticity of the partial copy respondent had submitted. Instead, he asserted that the terms of the collective bargaining agreement were not controlling as to his eligibility for a continuing contract because the agreement did not expressly provide that the provisions of R.C. 3919.11 were inapplicable. He also asserted that the admissions in respondent's answer were sufficient to show that he had met the criteria for a continuing contract under the statute.
Besides referring to respondent's factual admissions, the only evidentiary material relator's motion was the affidavit of Beth Chandler-Marks, a labor relations consultant who assisted the Ravenna Education Association in negotiating the collective bargaining agreement with respondent. In her affidavit, Chandler-Marks averred that a grievance had been filed for relator regarding his demand for a continuing contract. She further averred that during the course of the grievance procedure, the only question raised by respondent concerned whether relator had given proper notification to the school authorities that he would be eligible for a continuing contract after completing his second year with the district.
Given the nature of the parties' arguments and evidentiary materials, this court's final decision in the instant case will turn upon the resolution of two issues: (1) are the criteria for determining relator's eligibility for a continuing teaching contract governed solely by R.C.3319.11; and (2) if only R.C. 3319.11 is applicable, has relator met those criteria? After reviewing the relevant precedent, we conclude that both of these questions must be answered in the affirmative.
In regard to the first issue, we would begin our analysis by noting, as does relator in his summary judgment motion, that the Ohio Revised Code contains a specific provision stating when a teacher is eligible for a continuing service contract. R.C. 3319.11(B) states that a teacher is entitled to such a contract if he has satisfied the qualifications set forth in R.C. 3319.08(B), has worked in his present school district for two years, and previously had been awarded a continuing contract in a separate school district. R.C. 3319.08(B)(1) further states that once an "eligible" teacher has been recommended for reemployment by the school superintendent, a continuing contract must be awarded to the teacher unless the school board votes by a three-fourth majority to reject the recommendation.
As was noted above, at the time relator first raised the question of his eligibility for a continuing contract, the applicable collective bargaining agreement had certain terms addressing the eligibility question. Specifically, Article 4, Section A(3) of the agreement provided:
"Continuing Contracts:
 "a. Teachers who qualify for continuing contracts shall be considered for a continuing contract as prescribed by law.
 "b. In a year in which a teacher is or may become eligible for a continuing contract that teacher must notify the building administrator in writing by September 30 and show either evidence of appropriate certification/licensure or intent to make application for appropriate certification/licensure. The building administrator will determine that the teacher is placed on the proper evaluation cycle.
 "c. Teachers employed by the Board holding a continuing contract shall notify the building administrator by September 30 of their second year of employment of their eligibility for a continuing contract. The building administrator will determine that the teacher is placed on the proper evaluation cycle."
Although poorly written, the first subsection of the foregoing quote appears to state that a teacher's basic eligibility for a continuing contract will be governed by the relevant law; i.e., R.C. 3319.11(B). The second and third subsections then provide that the teacher "must" provide notice of his upcoming eligibility to his building administrator by September 30th of the year in question. In regard to a teacher who can become qualified for a continuing contract during his second year of employment with the school district, subsection (c) states that the notification must be given by September 30th of the second year; i.e., at the beginning of the second year.
Even though the second and third subsections use the word "must" in referring to the act of notifying the building administrator, neither subsection indicates that the failure to provide notification will deprive a teacher of his right to a continuing contract. Despite this, respondent essentially argues that the subsections set forth an additional requirement for eligibility. Respondent further argues that because this "requirement" is delineated in the collective bargaining agreement, any dispute as to relator's compliance with this rule must be resolved in a grievance proceeding.
Our review of R.C. 3319.11(B) shows that it does not contain any language which would require a teacher to provide notice of his eligibility for a continuing contract to school officials. Thus, such a requirement would be applicable in this case only if the provisions of the collective bargaining agreement are controlling over R.C. 3319.11(B). In regard to conflicts between a state law and a provision of a collective bargaining agreement, R.C. 4117.10(A) expressly states that an agreement between a public employer and the bargaining representative of public employees is controlling as to the "terms and conditions" of the employment. This statute also states that if a collective bargaining agreement does not exist, or if such an agreement does not contain a "specification" about a particular matter, then the state law governs the "terms and conditions" of the employment.
In interpreting R.C. 4117.10(A), the Supreme Court of Ohio has indicated that this statute is applicable to any contract provision pertaining to a teacher's reemployment because such a provision is relevant to the "terms and conditions" of the employment. State ex rel.Brown v. Milton-Union Exempted Village Bd. of Edn. (1988),40 Ohio St.3d 21. Therefore, pursuant to this statute, if a collective bargaining agreement has a specific provision governing a teacher's right to a continuing contract, that provision will be controlling over the requirements of R.C. 3319.11(B). Id. However, if the agreement does not contain a specific provision on the matter, R.C. 3319.11(B) is still applicable.
The Supreme Court has also stated that, as a general proposition, R.C.4117.10(A) was intended to allow public employees to waive any statutory right as part of the collective bargaining process. See State ex rel.Chavis v. Sycamore City School Dist. Bd. of Edn. (1994) 71 Ohio St.3d 26,29. Despite this, the Supreme Court has also indicated that the mere fact that a collective bargaining agreement contains a general provision concerning a specific topic will not automatically be interpreted as a waiver of the statutory rights on the same topic. In State ex rel. OhioAssn. of Pub. School Emp./AFSCME, Local 4, AFL-CIO v. Batavia LocalSchool Dist. Bd. of Edn. (2000), 89 Ohio St.3d 191, the court held that the intent to waive a statutory right will be found only when the provision of the agreement contains language specifically negating the application of the relevant statute.
In this action, the "continuing contracts" provision of the collective bargaining agreement does not contain any language expressly stating that R.C. 3319.11(B) was inapplicable in determining a teacher's eligibility. Even though the second and third subsections of this provision states that a teacher "must" provide notice to the building administrator, this court concludes that the use of the word "must" is not sufficient to satisfy the Supreme Court standard on this issue. That is, the pertinent language is not sufficient to show that the parties intended for the two subsections to state an additional requirement for a teacher to obtain a continuing contract. Stated differently, in the absence of any specific language stating that the failure to give timely notice would affect a teacher's eligibility for such a contract, the language does not demonstrate the intent to waive the statutory right under which a teacher is entitled to a continuing contract by simply satisfying the three requirements of R.C. 3319.11(B).
In addition to the foregoing, this court would again note that the first subsection of the "continuing contracts" provision provides that a teacher's eligibility for such a contract would be determined in accordance with the "law." Although the subsection does not state the exact "law" to which it was referring, logic dictates that the parties were referencing the applicable provisions of R.C. 3319.11(B). Given this, it logically follows that if the parties had intended for the second and third subsections to set forth an additional requirement for eligibility, they would have expressly stated this in some subsection of the "continuing contracts" provision. It defies common sense that the parties would refer to the "law" if they did not intend for compliance with that law to be sufficient to make a teacher qualified for a continuing contract.
In light of the foregoing discussion, this court holds that relator's eligibility for a continuing employment contract was not controlled by the "continuing contracts" provision of the collective bargaining agreement; i.e., relator was not required to provide notice to the building administrator in order to be qualified for such a contract. In reaching this conclusion, we would emphasize that it is not our intent to render an opinion concerning the general propriety of a notification requirement. Instead, we merely hold that the relevant language in the instant collective bargaining agreement was not sufficient to impose this requirement upon relator. As a result, respondent is not entitled to summary judgment on the basis that relator's eligibility for a continuing contract must be determined through the agreement's grievance procedure.
Given the inapplicability of the collective bargaining agreement, relator's right to a continuing contract is governed solely by R.C.3319.11(B). As was noted above, this statute provides that a teacher is entitled to a continuing contract if: (1) he has satisfied the qualifications under R.C. 3319.08(B); (2) he was previously awarded a continuing contract in a separate school district; and (3) he has worked in his present school district for two years.
As to the first of the three statutory requirements, R.C. 3319.08(B)(1) states that a teacher can be given a continuing contract only if he holds a permanent, professional teaching certificate. In his mandamus petition, relator alleged that the State of Ohio issued him this type of certificate in June 1998. In answering the petition, respondent expressly admitted this allegation. Therefore, because Civ.R. 56(C) provides that an admission of fact can be considered in determining a summary judgment motion, the evidentiary materials before this court demonstrates that there is no factual dispute as to whether relator has met the first requirement under R.C. 3319.11(B) for entitlement to a continuing contract.
A similar analysis can be followed as to the second and third requirements under R.C. 3319.11(B). In his mandamus petition, relator alleged that he had previously been given a continuing contract by the Warren City School District in 1973 and that he had worked in the Ravenna City School District since 1999. Respondent again admitted these allegations in its answer to the petition. Thus, since there is no factual dispute that relator has satisfied the second and third statutory requirements, the evidentiary materials support the finding that relator is entitled to a continuing employment contract under R.C. 3319.11(B).
As was noted previously, R.C. 3319.11(B)(1) indicates that even if a teacher has satisfied the requirements for a continuing contract, the school board can still vote by a three-fourth majority not to offer any contract to the teacher. However, respondent's answer admitted that it voted to give relator a one-year limited contract for the 2001-2002 school year. As respondent did not have the authority to issue such a contract to relator once he had become eligible for a continuing contract, the one-year limited contract must be deemed a continuing contract.
Pursuant to Civ.R. 56, the moving party in a summary judgment exercise is entitled to prevail if he can establish that: (1) he is entitled to judgment in his favor as a matter of law; (2) there are no factual disputes as to any material issues; and (3) the nature of the evidentiary materials are such that, even when the materials are viewed in a manner most favorable to the nonmoving party, a reasonable person could only reach a conclusion adverse to the nonmoving party. Welco Industries,Inc. v. Applied Cos. (1993), 67 Ohio St.3d 34, 346. As a result, in order for relator to prevail in the instant action, he must satisfy the foregoing standard in relation to each of the three elements for a mandamus claim. Those elements are: (1) that relator has a legal right to the requested relief; (2) that respondent has a legal duty to perform the requested act; and (3) that there exists no other adequate remedy through which relator could obtain the same relief. State ex rel. Manson v.Morris (1993), 66 Ohio St.3d 440, 441.
In light of the foregoing analysis, this court holds that relator has met the standard for summary judgment as to all three elements of his mandamus claim. Regarding the first element, relator has a legal right to a continuing employment contract because he has met all applicable statutory requirements for such a contract. For the same reason, respondent has a legal duty to issue a continuing contract.
Finally, in relation to the "adequate remedy" element, we would again emphasize that the grievance procedure under the collective bargaining agreement is inapplicable because relator's right to the contract is not based upon a provision of the agreement. Furthermore, the Supreme Court of Ohio has stated that, in cases involving a teacher's eligibility for a continuing contract, a writ of mandamus is the only appropriate remedy because, since the decision to grant a limited contract is not the product of a quasi-judicial procedure, the teacher does not have a right to appeal that decision to the court of common pleas. See State exrel.Voss v. Bd. of Edn. (1981), 66 Ohio St.2d 274, 275; State ex rel.Rollins v. Cleveland Hts. — University Hts. Bd. of Edn. (1988),40 Ohio St.3d 123, 124, fn. 1. See, also, R.C. 3319.11(G)(7), which provides that the only decision of a school board subject to an appeal to a court of common pleas is a decision not to reemploy a teacher for the next school year.
Accordingly, relator's motion for summary judgment is granted. Judgment is hereby entered against respondent as to relator's entire mandamus claim. It is the order of this court that a writ of mandamus is hereby issued under which respondent is required to give relator a continuing employment contract.