AVCO FINANCIAL SERVICES LOAN, INC., APPELLANT, *v.* HALE ET AL., APPELLEES.

(No. 86AP-727—Decided February 26, 1987.)

*James J. Marlin, Jr.,* for appellant.

*Abroms & Weisz* and *Michael J. Weisz,* for appellees Raymond and Donna Hale.

*Bricker & Eckler* and *James A. Readey,* for appellee Rickenbacker Port Authority.

*Lerner, Sampson & Rothfuss* and *Rick D. DeBlasis,* for appellee Manufacturers Hanover Mortgage Corporation.

McCORMAC, J. On September 20, 1984, Manufacturers Hanover Mortgage Corporation ("Hanover") filed a complaint in foreclosure against Raymond and Donna Hale, Avco Financial Services Loan, Inc. ("Avco"), and BancOhio National Bank. Hanover was the first mortgage holder of a home owned by the Hales, and Avco was the second mortgage holder. On December 7, 1984, the court entered a judgment and decree in foreclosure. The property was to be sold and the proceeds disbursed in the following order of priority:

"1. To the Clerk of this Court, the costs of this action, including the fees of appraisers.

"2. To the Treasurer of Franklin County, the taxes and assessments, due and payable as of the date of Sheriff's Sale, and legally assessed against the real estate.

"3. To the plaintiff, MANUFACTURERS HANOVER MORTGAGE CORPORATION, the sum of $41,717.13, together with interest thereon at the rate of 9 percent per annum from November 5, 1984, together with such other advances as plaintiff shall hereafter make for taxes, insurance, or otherwise to protect said property.

"4. To the defendant, AVCO FINANCIAL SERVICES LOAN, INC., the sum of $26,466.97, together with interest thereon at the rate of 21 percent per annum from October 1, 1984.

"5. To the defendant, BANCOHIO NATIONAL BANK, the sum of $466.73, together with interest thereon and costs.

"6. The balance of the sale proceeds, if any, shall be paid by the Sheriff to the Clerk of this Court to await further orders of this Court."

On February 11, 1985, Rickenbacker Port Authority ("RPA") executed an "Agreement for Preparation of a Noise Reduction Plan with the Village of Groveport." The agreement required RPA to implement various procedures and studies concerning the noise level in homes surrounding the Rickenbacker Airport. The agreement provided that, if the measures to reduce the interior noise level were unsuccessful, the RPA would purchase the homes qualifying under Section IX. Apparently, the Hales' property was located in this area.

Subsequently, on May 22, 1986, Avco brought the current suit against the Hales, RPA, and Hanover. In the complaint, Avco admitted that the realty for which it holds a second mortgage is in foreclosure by Hanover, as previously noted. The complaint then alleged that RPA has defaulted on its duties under the aforementioned agreement, by failing to either purchase the Hales' property or take steps to complete that purchase. Also, Avco alleged that the property has been seriously devalued, and its security interest affected by RPA's actions. Avco further alleged that it is a third-party beneficiary of the Hales. Judgment was demanded against RPA for:

"1) Judgment for $30,000 together with interest and all costs herein.

"2) For an order finding and declaring Defendant Rickenbacker Port Authority must proceed with the

procedure to purchase the Hale property.

"3) For an order finding and declaring that Defendant Rickenbacker Port Authority must apply any benefits under Exhibit B [the agreement] to any owner or security holder on the subject realty rather than only to those from March 1986, landing date."

On June 26, 1986, RPA filed a motion to dismiss pursuant to Civ. R. 12(B)(1). On June 30, 1986, Hanover filed a motion to dismiss pursuant to Civ. R. 12(B)(6). On July 23, 1986, the trial court granted both defendants' motions to dismiss.

Avco has appealed to this court, raising the following assignments of error:

"I. The trial court committed error by granting appellees' Rickenbacker Port Authority and Manufacturers Hanover['s] motions to dismiss.

"II. The trial court erred in granting appellee Manufacturers Hanover's motion to dismiss as appellee's motion has no basis in law or fact."

Since the assignments of error are interrelated, they will be addressed together.

The standard to apply for a dismissal pursuant to Civ. R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action cognizable by the forum. *Steffen* v. *General Telephone Co.* (1978), 60 Ohio App. 2d 144, 14 O.O. 3d 111, 395 N.E. 2d 1346.

The property in issue was the subject of a foreclosure action brought by Hanover against the Hales and Avco. Therefore, the rule of *lis pendens* becomes important. R.C. 2703.26 provides:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

The application of *lis pendens* in a mortgage foreclosure action has been previously addressed by this court in *Recob* v. *McClendon* (Oct. 13, 1981), Franklin App. No. 81AP-468, unreported. In that case, we held that in a mortgage foreclosure action all persons acquiring an interest in the property after service and during the pendency of the suit are bound by the decree and the sale made thereunder. *Id.* at 7. Therefore, while the foreclosure action initiated by Hanover against Avco et al. is pending, no other action may be commenced concerning the property. Furthermore, the pending foreclosure action between the same parties is grounds for abatement or dismissal of Avco's complaint against Hanover on the ground of lack of subject matter jurisdiction. See *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279, 4 O.O. 3d 445, 364 N.E. 2d 33. The issue of whether Avco has a claim for relief against RPA in the event that the proceeds of a sale in the foreclosure action are insufficient to discharge the Hales' obligation to Avco is not before us at this time. It is premature since it depends upon the adjudication of matters upon which a previous court has acquired exclusive subject matter jurisdiction.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and REILLY, J., concur.