### Dudziak v. Cercone
*[Cite as 6 AOA 122]*

*Case No. 90AP020009*
*Tuscarawas County, (5th)*
*Decided August 22, 1990*

*Joseph I. Tripodi, Joseph I. Tripodi Co., L.P.A., 114 East High Avenue, New Philadelphia, Ohio 44663, for Plaintiffs-Appellants.*

*Leslie R. Early, 136 2nd Street N.E., New Philadelphia, Ohio 44663, for Defendants-Appellees.*

*Amy R. Goldstein, Ass't Attorney General, Transportation Section, 37 West Broad Street - Third Floor, P.O. Box 899, Columbus, Ohio 43216-0899, for Defendants-Appellees.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, that dismissed the complaint of plaintiffs-appellants Frank and Viola Dudziak (Dudziaks) for lack of jurisdiction. Defendants-Appellees are Albert and Jean Cercone (Cercones), and Warren Smith, Director of the Ohio Department of a Transportation (ODOT).

The Dudziaks own real property near the intersection of State Route 800 and U.S. Route 250 in Tuscarawas County. Their complaint alleged that their neighbors, the Cercones, had negligently blocked the passage of water through a storm sewer that drains the highway property. The storm sewer crosses the Dudziak property and the Cercone property so that the water backed up into the Dudziak's basement. They prayed for $50,000 damages from the Cercones. The Dudziaks' second cause of action alleged that ODOT was encroaching upon the Dudziaks' property without due process, and that the property was being appropriated as an additional water impoundment area. The remedy sought by the Dudziaks was an order enjoining the State from the appropriation of their land and also an order that the State should do all things necessary to insure the free flow of surface drainage water.

The Cercones filed an answer denying that they interfered with the flow of water through the easement. ODOT filed a motion to dismiss, alleging that R.C. 5501.22 vested exclusive jurisdiction over this action with the Franklin County court system. The trial court sustained the motion to dismiss ODOT, and also dismiss the Dudziaks' complaint against the Cercones. This appeal ensued.

The Dudziaks assign to errors to the trial court:

"ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING THE STATE OF OHIO, DEPARTMENT OF TRANSPORTATION, FROM A SUIT WHERE THE PROPERTY OWNERS DID NOT SEEK COMPENSATION FROM THE STATE OF

OHIO, *BUT SOUGHT AN ORDER PRE-VENTING THE TAKING OF THE 'PROPERTY.'"* (Emphasis supplied).

"ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT BY DISMISSING APPELLANTS' COMPLAINT AGAINST THE STATE OF OHIO, ALSO DISMISSED APPELLANTS' CLAIM AGAINST APPEL-LEES CERCONE IN VIOLATION OF DUE PROCESS OF LAW."

I

R.C. 5501.22 states:

"§ 5501.22 Actions against director."

"The director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county except in actions brought by a railroad company under section 4957.30 of the Revised Code, or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated, or in any action otherwise specifically provided for in Chapters 5502., 5503., 5511., 5512., 5513., 5515., 5516., 5517., 5519., 5521., 5523., 5525., 5527., 5528., 5529., 5531., 5533., and 5535. of the Revised Code."

The standard the trial court should apply to a dismissal for lack of jurisdiction is whether the plaintiff has alleged any cause of action cognisable by the forum, *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App. 3d 65.

ODOT argued in its motion, and before this court, that this action is for an appropriation arguably already made, rather than to prevent a contemplated appropriation. The Dudziaks urge that this is an intermittent taking, occurring only when there is heavy rain, and that they have not requested any payment for past "takings." Instead, the relief they ask is a prevention of such takings of their property in the future. They conceded their prayers for past damages from the Cercones, but not, they assert, from ODOT.

ODOT's view is that there is no intermittent taking. On the contrary, if there is a taking, it is already an accomplished fact. The appropriation actually took place, ODOT argues, when the plans for construction of the highway were filed. ODOT cites us to no case law regarding when an appropriation is made, and our research disclosed none. The cases ODOT cites in its brief all apply to situations where the appropriation is already made, and are on that basis distinguishable from the cause at bar. Certainly ODOT's argument that the appropriation occurs when the plans are filed are too restrictive given the particular facts of this case. No one could have known at that time that the Dudziaks' property would be affected in this manner.

We find the Dudziaks' reasoning more persuasive. Their allegations are that over a four-year span in the past, water backed up into their basement on at least eight occasions. They anticipate that the situation will recur at intervals unless ODOT takes steps to remedy the problem. They seek only prospective relief. We find that based upon their complaint, they meet the statutory exclusion, and that the Tuscarawas County Court of Common Pleas has jurisdiction over this cause of action.

The first assignment of error is sustained.

II

The trial court also dismissed the Dudziaks' claims against the Cercones. The Cercones have not filed a brief with our court.

In the case of *O'Brien v. University Community Tenants Union. Inc.* (1975), 42 Ohio St.2d 242, the Supreme Court held that the dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate only when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.

We have examined the first cause of action, and find it states a claim upon which relief may be granted. The trial court erred when it dismissed that claim.

The second assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and not inconsistent with this opinion.

HOFFMAN, P.J., and WISE, J., concur.