**The STATE of Ohio, Appellant,**

**v.**

**HEEBSH, Appellee.**

[Cite as *State v. Heebsh* (1992), 85 Ohio App.3d 551.]

Court of Appeals of Ohio,
Seneca County.

No. 13–92–27.

Decided Dec. 15, 1992.

*Paul F. Kutscher, Jr.,* Seneca County Prosecuting Attorney, for appellant.

*Richard A. Kahler,* for appellee.

HADLEY, Presiding Judge.

This is an appeal by the plaintiff-appellant, state of Ohio ("appellant"), from the judgment of the Common Pleas Court of Seneca County dismissing three counts of endangering children, a misdemeanor of the first degree, in violation of R.C. 2919.22(A) and two counts of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(5) against defendant-appellee, Richard N. Heebsh ("appellee").

Appellee was originally indicted on three counts of endangering children and three counts of sexual battery on August 23, 1991 against Jil Musil, f.n.a. Jil Therriault ("Jil"), when she was fifteen, sixteen and seventeen years of age. The facts giving rise to count one, endangering children, and count two, sexual battery, alleged to have occurred during June 1981, up to and including October 27, 1981. The facts giving rise to count three, endangering children, and count four, sexual battery,[1] are alleged to have occurred on October 28, 1981. The facts supporting count five, endangering children, and count six, sexual battery, are alleged to have occurred from October 29, 1981 up to and including December 3, 1982.

Appellee then filed a motion to dismiss for absence of in loco parentis status and a motion to dismiss for failure to timely commence prosecution on the remaining five counts. The motions were consolidated for a hearing on December 30 and 31, 1991. After a hearing on the motion, the trial court dismissed the remaining five counts against appellee, stating that the statute of limitations had begun to run on October 28, 1981,[2] and therefore the statute of limitations had expired. The trial court further held that appellee was not in loco parentis with Jil as a matter of law during the time specified in the indictment. Appellant now timely appeals the judgment of the trial court and asserts three assignments of error:

## ASSIGNMENT OF ERROR NO. I

"The trial court erred in not properly applying the appropriate statute of limitations to each count of the indictment."

R.C. 2901.13 sets forth the applicable statute of limitations for criminal prosecutions. R.C. 2901.13 states:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) for a felony other than aggravated murder or murder, six years;

"(2) for a misdemeanor other than a minor misdemeanor, two years;

"(3) * * *

"(B) * * *

---

1. A *nolle prosequi* was entered as to count four on October 21, 1991.

2. On October 28, 1981, appellee and Jil were discovered at a park in Sandusky, Ohio, by a park ranger. Appellee's pants were unbuckled and unzipped and Jil's breasts were exposed. Appellee was then cited for having a motor vehicle on a nature trail. Jil was sixteen at the time of this occurrence and appellee was thirty-nine years of age.

"(C) If the period of limitations provided in (A) of this section has expired, prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in 2921.01 of the Ohio Revised Code, at any time while the accused remains a public servant or in *two years thereafter.*

"(D) * * *

"(E) * * *

"(F) The period of limitations shall not run during any time when the corpus delicti remains undiscovered.

"(G) * * *

"(H) * * *."

Appellant asserts two arguments as to why the statute of limitations has not expired. First, appellant asserts that appellee is a public servant and section (C) of R.C. 2901.13 is applicable. Herein, appellee stipulated at the hearing that he was a public servant and that he voluntarily resigned from his position in March or April 1991 when Jil informed the superintendent of the sexual contact between appellee and herself from June 1981 to and including December 3, 1982. Appellant, therefore, asserts that the indictment was timely brought within two years after appellee resigned.

Our first inquiry is whether appellee was a public servant. R.C. 2921.-01(B) defines "public servant" to include an employee or agent of the state or any political subdivision. "Political subdivision" is defined in R.C. 3501.01(T) to include a school district. Herein, appellee at the time the offenses were committed was employed as an elementary school teacher at Lincoln and the high school tennis coach at Columbian by the Tiffin school district. Therefore, we conclude that appellee was a public servant.

Our second inquiry is whether appellee's sexual contact with Jil constitutes misconduct in office by a public servant. "Misconduct," in its ordinary application, is defined as behavior not conforming to prevailing standards or laws. The American Heritage Dictionary (2 Ed.1984) 802.

Herein appellee admitted that he had sexual contact with Jil at Lincoln School maybe one hundred times when she was fifteen, sixteen, and seventeen years of age. Appellee also admitted that he had sexual contact with Jil after tennis matches before he drove her home. Appellee used his position as a school teacher and Jil's tennis coach to facilitate his sexual contact with Jil. Whereas appellee's sexual conduct with Jil is not behavior conforming to prevailing standards or laws, it constitutes misconduct in office by a public servant.

R.C. 2901.13(C) allows for the prosecution of a public servant for misconduct in office after the statute of limitations has expired at any time while he remains a

public servant or two years thereafter. Whereas appellee remained a public servant up until March 1991 and the indictment was timely brought on August 23, 1991, the trial court erred in dismissing the indictment.

As the remaining five counts were timely brought under R.C. 2901.13(C), we do not need to address appellant's argument under R.C. 2901.13(F). Therefore, appellant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. II

"The trial court erred in dismissing all counts of the indictment as the legal sufficiency of the evidence in a criminal prosecution is not properly raised by pre-trial motion."

## ASSIGNMENT OF ERROR NO. III

"The trial court erred in:

"A) finding as a matter of law that an in loco parentis relationship did not exist between the victim and the defendant when such an issue is a question for the trier of fact at trial;

"and

"B) dismissing all counts of the indictment by finding that an in loco parentis relationship did not exist as a matter of law and overlooking the other allegations as set forth in the several counts of the indictment."

█ Appellant argues that the trial court's error, in determining that appellee was not in loco parentis with Jil, was in effect granting appellee summary judgment in a criminal case. Appellant also argues that the trial court's determination of whether appellee was in loco parentis with Jil was an element of the offense and a question for the trier of fact.

Appellee's motion to dismiss for absence of in loco parentis status states:

"Now comes the defendant[,] Richard Heebsh[,] by and through his attorney[,] Richard A. Kahler[,] and moves this court for an order dismissing the indictment against him in all five of its counts, there being three counts of endangering children, a violation of [Section] 2919.22(A) of the Ohio Revised Code, and two counts of sexual battery, a violation of [Section] 2907.03(A)(5) of the Ohio Revised Code, for the reason *as a matter of law* defendant is not a person in custody or control of the alleged victim nor is he a person in loco parentis of the alleged child victim, and therefore cannot be guilty with such element of the alleged crimes missing." (Emphasis added.)

Crim.R. 12(B) states:

"Pretrial motions. Any defense, objection, or request which is capable of determination without a trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"(1) defenses and objections based on defects in the institution of the prosecution;

"(2) defenses and objections based on defects in the indictment, information, or complaint * * *;

"(3) motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only;

"(4) requests for discovery under Rule 16;

"(5) requests for severance of charges or defendants under Rule 14."

Herein, it is apparent that appellee's motion does not fall within the ambit of Crim.R. 12(B) but is in fact a motion for summary judgment as the issue goes directly to an element of the offense. The sufficiency of the evidence in a criminal case is not properly raised by a pretrial motion and trial court should have overruled appellee's motion. The proper determination is whether the allegations contained in the indictment make out the offenses of endangering children and sexual battery. See *State v. McNamee* (1984), 17 Ohio App.3d 175, 176, 17 OBR 306, 307, 478 N.E.2d 843, 844; *State v. Patterson* (1989), 63 Ohio App.3d 91, 94–95, 577 N.E.2d 1165, 1166–1167.

Whether appellant proves beyond a reasonable doubt that appellee was in loco parentis with Jil is a question of fact to be determined by the trier of fact. Even assuming that the trier of fact determines that appellee was not in loco parentis with Jil, that does not mean that the trier of fact could not find, in the alternative, that at the time of the offenses appellee had custody or control over her as specified in the indictment. As the allegations contained in the indictment make out the offenses of endangering children and sexual battery, the trial court erred in holding that appellee was as a matter of law not in loco parentis with Jil. Therefore, appellant's second and third assignments of error are sustained and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.