## JACKSON A & E ASSOCIATES, INC.

v.

## PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO.

2002-Ohio-5752.]

Court of Claims of Ohio.

No. 2002–07851.

Decided Oct. 3, 2002.

Luther L. Liggett Jr. and Terrence O'Donnell, for plaintiff Jackson A & E Associates, Inc.

Donald W. Gregory and Christopher J. Weber, Special Counsel for defendant Public Employees Retirement System of Ohio.

---

Fred J. Shoemaker, Judge.

{¶ 1} On September 4, 2002, defendant filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. On September 13, 2002, plaintiff filed a response. On September 20, 2002, defendant filed a motion to file a reply brief instanter. Defendant's motion to file a reply brief is GRANTED, and defendant's reply brief is deemed filed. Plaintiff's September 24, 2002 motion for oral argument is DENIED.

{¶ 2} The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1) is whether plaintiff has alleged any cause of action cognizable by the forum. See *Avco Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378.

{¶ 3} In this case, plaintiff's complaint states a claim for breach of contract against defendant, Public Employees Retirement System ("PERS"). PERS was created by R.C. 145.03 and is administered and managed by the Public Employee Retirement Board ("board") pursuant to R.C. 145.04. R.C. 145.09, prescribing the powers and duties of the board provides: "* * * The board may sue and be sued, plead and be impleaded, contract and be contracted with. All of its

business shall be transacted, all of its funds invested, all warrants for money drawn and payments made, and all of its cash and securities and other property shall be held in the name of the board * * *."

{¶ 4}  R.C. 2743.02(A) provides:

{¶ 5}  "The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * *. *To the extent that the state has previously consented to be sued, this chapter has no applicability.*  * * *." (Emphasis added.)

{¶ 6}  Applying the plain language of R.C. 2743.02(A), since R.C. 145.09 was enacted prior to the Court of Claims Act, the Court of Claims Act does not apply to this action and this court does not have jurisdiction over plaintiff's claims for relief.  See, e.g., *Bianchi v. Pub. Emp. Retirement Sys.* (Jan. 28, 1992), Ct. of Cl. No. 91–11671; *Hawkins v. Pub. Emp. Retirement Sys.* (Aug. 30, 1985), Ct. of Cl. No. 85–03701.  Plaintiff argues, however, that the instant action should not be dismissed because it has been brought against the agency known as PERS rather than the board.  Plaintiff has not cited any authority recognizing this distinction and the court is unpersuaded by plaintiff's argument in support of jurisdiction.

{¶ 7}  Defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Cause dismissed.

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.