OPINION
{¶ 1} Defendant-appellant, Troy D. Davis, III. appeals his conviction and sentence from the Canton Municipal Court on one count of failure to obey a traffic control device, a minor misdemeanor in violation of the Village of East Sparta Ordinance Section 414.03. The plaintiff-appellee is the State of Ohio.
 {¶ 2} On March 14, 2004, at approximately 12:50 a.m., Lieutenant Hagar and his partner Patrolman Collins were in uniform and in a marked patrol car located in a parking lot adjacent to State Route 800 and Westbrook in East Sparta, Stark County, Ohio.
 {¶ 3} Lieutenant Hagar testified that at approximately 12:58 p.m., he observed a blue Toyota approaching the intersection from the South on State Route 800. The patrol car was about fifteen feet off State Route 800 north of the traffic light and the vehicle passed in front of them, slowed down and sped up and continued through the light. Lieutenant Hagar testified that he observed the traffic light as the vehicle approached the intersection and it was red and remained red as the vehicle traveled through it without stopping.
 {¶ 4} The officers pulled over the vehicle using his lights. The driver of the vehicle was identified as the appellant. Lieutenant Hagar testified that the appellant stated that he thought the light was yellow and asked whether the officer was sure it was red. Appellant did produce a license, but was unable to provide proof of insurance. Lieutenant Hagar served the appellant with a pink copy of the citation. Appellant appeared in Mayor's Court in the Village of East Sparta and entered a plea of not guilty and moved to dismiss the case for lack of subject matter jurisdiction. The Mayor's Court transferred the case to the Canton Municipal Court. Appellant entered a plea of not guilty in the municipal court. Thereafter appellant filed a motion to dismiss primary based on the lack of subject matter jurisdiction. The magistrate denied this motion on April 26, 2004.
 {¶ 5} Appellant then filed a sworn motion to dismiss for want of judicial process in the trial court on April 28, 2004. On May 6, 2004, Judge Falvey denied appellant's motion. That same day, a trial was held before Magistrate Lemule Green, in which Lieutenant Hagar testified on behalf of the State. Appellant did not call any witnesses and did not testify himself. Appellant objected to the proceeding stating that his motions had not been properly addressed by the court. The Magistrate again denied appellant's motion to dismiss.
 {¶ 6} At the conclusion of the trial, the magistrate found appellant guilty of violating the Village of East Sparta Ordinance Section 414.03, a minor misdemeanor. The court imposed a fine of $150.00, court costs, and two points were assessed on appellant's license. Appellant filed a notice of appeal and has set forth the following assignments of error for our consideration:
 {¶ 7} "I. The court erred when the canton municipal clerks office excepted [sic] and allowed the transfer of 414.03es (M/M) from the East Sparta mayors court and entered such case on the record/docket of Canton Municipal court as Case No. 2004TRD 02795 on 04/19/04, even with pryor notice that accused/defendant had filed a "sworn demand" to dismiss the charge for "want of subject matter jurisdiction" with the mayor of East sparta on 04/14/04 and That the averments in sworn demand were ignored and never answered by the mayor.
 {¶ 8} "II. The court erred when it overruled accused/defendant's original demand to dismiss for want of subject-matter jurisdiction at arraignment before canton municipal court — magistrate heath on 04/26/04 (never answered).
 {¶ 9} "III. The court erred when it overruled accused's/defendant's objection to the overruling of the demand to dismiss.
 {¶ 10} "IV. The court erred when it entered a plea for the accused/defendant and then overruled the objection of accused/defendant to any plea made and to any further court proceedings whatever until the "sworn averments" in his demand to dismiss for want of subect-matter jurisdiction have been lawfully traversed/answered by facts of law.
 {¶ 11} "V. The court erred when it entered on the recored/docket a fraudulent entry that accused/defendant (while still objecting to any court proceedings whatsoever until subject-matter jurisdiction had been shown by facts of law) demanbded a trial by the court (which had still not proven it had subject-matter jurisdiction by facts of law).
 {¶ 12} "VI. The court erred when it proceeded forward to the trial on 05/06/04 while still not answering accused's/defendant's "demand to dismiss for want of subejct-matter jurisdiction with facts of law.
 {¶ 13} "VII. The court erred when it overruled accused's/defendant's objection to the trial because [sic] the court nor the prosecutor had shown by facts of law that they had subject-matter jurisdiction in the instant case.
 {¶ 14} "VIII. The court erred when magistrate green told accused/defendant that it was accused's/defendant's `opinion' that the court must prove it has subject-matter jurisdiction, and that it was not (magistrate green's0 `opinion'.
 {¶ 15} "VIX. The court erred when accused/defendant objected to magistrate green's above statement by telling the court that it was not an opinin that the court is required to answer a challenge of subject-matter jurisdiction, but is a matter of fundamental law, magistrate green overruled accused's/defendant's objection.
 {¶ 16} "X. The court erred when it found accused/defendant guilty of the charges (without any proof of subject-matter jurisdiction or rebuttel of any of the sworn undisputed facts avered in accused's/defendant's demand's to dismiss for want of subject-matter jurisdiction).
 {¶ 17} "XI. The court erred when it overuled accused's/defendant's demand in arrest of judgment on grounds of `lack of subject-matter jurisdiction' on 05/10/04, with no facts of law given in judgment entry.
 {¶ 18} "XII. The court erred when after review of magistrate green's report, judge mary falvey approved the finding of guilty against accused/defendant (without answering accused's/defendant's challenge on undisputed facts of subject-matter jurisdiction), with no facts of law in judgment entry.
 {¶ 19} "XIII. The prosecutor erred by fraudulently claiming to answer accused's defendant's `demand to dismiss on undisputed facts of want of subject-matter jurisdiction' with no rebutel (by facts of law) of sworn undisputed facts or showing of subject-matter jurisdiction in prosecutor's motion filed on 06/22/04.
 {¶ 20} "XIV. For toher errors manifest upon the face of the record and prejudicial to the rights of accused/defendat-appellant.
 {¶ 21} "XV. Because of their ignorance and arrogance, the acts commited by the mayor of east sparta, the canton mumicipal [sic] court and its officers and agents, the canton city prosecutors office, by not lawfully answering the challenge of "undisputed facts of want of subect-matter jurisdiction", accused/defendant-appellant was deprived of his right to `due process of law'as established by the `preable' to the `bill of rights' and articles V, VI, IX, X, XIV section 1.
 {¶ 22} "XVI. The accused/defendant was deprived of his constitutional rights by the above appellees actions of proceeding forward with criminal prosecution against accused/defendant when court nor prosecutor could show they had `subject matter jurisdiction' to proceed against accused/defendant.
 {¶ 23} "XVII. In overruling accused's/defendant's written demands and oral demands in open court to show the court had `subejct-matter jurisdiction' in the instant case.
 {¶ 24} "XVIII. In overruling accuseds/defendants demande for dismissal for failure of the state to show `subject-matter jurisdiction' to prosecute accused/defendant in the instant matter.
 {¶ 25} "XIX. In finding the accused/defendant guilty without any proof or showing that the court had `subject-matter jurisdiction to make a finding of guilty.
 {¶ 26} "XX. The judgment and finding of the court is contrary to law.
 {¶ 27} "XXI. The judgment and finding of the court is `void as a matter of law'."
 I. — XXI. {¶ 28} The appellant provides twenty-one assignments of error with only a six (6) paragraph general argument.
 {¶ 29} According to App. R. 12(A) (2): "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." [Emphasis added].
 {¶ 30} App. R. 16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." [Emphasis added].
 {¶ 31} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159,519 N.E.2d 390, 392-393; State v. Watson (1998), 126 Ohio App.3d, 316,710 N.E.2d 340, discretionary appeal disallowed in (1998),82 Ohio St.3d 1413, 694 N.E.2d 75.
 {¶ 32} Accordingly, we find that appellant has failed to comply with App. R. 16(A) because he fails to separately brief each of the twenty-one (21) assignments of error.
 {¶ 33} Notwithstanding the appellant's failure to brief each issue we will address the merits of appellant's contentions as they each involve similar arguments.
 {¶ 34} Herein, all of appellant's assignments of error center upon appellant's claim that the trial court lacked subject matter jurisdiction. We disagree.
 {¶ 35} Appellant argues that the trial court erred by not granting his motion to dismiss the case on the grounds that the trial court did not prove that it had subject matter jurisdiction.
 {¶ 36} A motion to dismiss filed pursuant to Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state.State v. Patterson (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165,1167; State v. Green (July 12, 1998), 5th Dist. No. 97CAA11052. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. State v. Varner (1991),81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offense, in this case failing to obey a traffic control device. State v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618, 2002 WL 4484, citing State v.Heebsh (1992), 85 Ohio App.3d 551, 556, 620 N.E.2d 859, 862.
 {¶ 37} "Jurisdiction, broadly defined, is the `right and power to interpret and apply the law'. The American Heritage Dictionary, Second College Edition (1982), 694. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. [Morrison v. Steiner (1972), 32 Ohio St.2d 86, 290 N.E.2d 841.] In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged `any cause of action cognizable by the forum.' Avco Fin. Serv.Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378,1380. In the criminal context, the proper inquiry likewise centers on what is the proper forum to hear the type of case in question, i.e., municipal or common pleas, court of general jurisdiction or juvenile court if, of course, there is a proper forum at all. See, e.g., State v.Nelson (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268; Statev. Wilson, 73 Ohio St.3d 40, 652 N.E.2d 196." State v. Garretson (2000),140 Ohio App.3d 554, 558, 748 N.E.2d 560,564.
 {¶ 38} The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. Behrle v. Beam (1983), 6 Ohio St.3d 41, 42, 451 N.E.2d 237. Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. Id. State v. Spartz (Feb. 22, 2000), 12th Dist No. CA99-11-026.
 {¶ 39} Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.
 {¶ 40} Pursuant to R.C. 1901.20, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."
 {¶ 41} The territorial jurisdiction of the Canton Municipal court encompasses "Canton, Lake, Nimishillen, Osnaburg, Pike, Plain, and Sandy townships in Stark County." R.C. 1901.02(B).
 {¶ 42} The undisputed evidence demonstrated that the offense at issue occurred in Pike Township, which is located in Stark County, and is expressly within the jurisdiction of the Canton Municipal Court. The court also has subject matter jurisdiction over the violation of any ordinance of the Village of East Sparta located within Pike Township.
 {¶ 43} The Ohio Constitution Section 3, art. 18, provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." The Ohio Supreme Court in Village of Struthers v.Sokol (1923), 108 Ohio St. 263, 140 N.E.2d 519 noted "* * * by virtue of section 3, art. 18, of the Ohio Constitution, as amended in 1912, municipalities of the state have police power directly conferred by the people in all matters of local self-government * * *." Id. at 267, 140 N.E.2d 520-521. "Promptly after the establishment of home rule in Ohio, municipal control over municipal streets was clearly enunciated. Billingsv. Cleveland Ry. Co. (1915), 92 Ohio St. 478, 111 N.E. 155." State v.Parker (1994), 68 Ohio St.3d 283-284, 1994-Ohio-93, 626 N.E.2d 106, 107. In Parker the Court reiterated "* * * a municipality's authority to regulate traffic comes from the Ohio Constitution * * *. Id. at 285,626 N.E.2d at 108.
 {¶ 44} R.C. 4511.07 provides in part:
 {¶ 45} "Sections 4511.01 to 4511.78, 4511.99, and 4513.01 to 4513.37
of the Revised Code do not prevent local authorities from carrying out the following activities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power:
 {¶ 46} "(A) Regulating the stopping, standing, or parking of vehicles, trackless trolleys, and streetcars;
 {¶ 47} "(B) Regulating traffic by means of police officers or traffic control devices."
 {¶ 48} Accordingly, the Village of East Sparta is authorized to regulate the flow of traffic within its boundaries by means of traffic control devices such as traffic signals.
 {¶ 49} It is clear that appellant, having been charged with violating an ordinance of a municipality located within the jurisdiction of the Canton Municipal Court, was subject to both the territorial and subject matter jurisdiction of the Canton Municipal Court. Consequently, the trial court properly exercised jurisdiction over the case at bar.
 {¶ 50} Appellant also argues that East Sparta Ordinance 414.03 cannot be enforced against him. This argument is premised upon the assertion that the ordinance is an administrative law created under the auspices of the Ohio Bureau of Motor Vehicles ("BMV") and cannot be enforced against appellant because the people of Ohio have never created an administrative branch of the government.
 {¶ 51} Appellant's argument is misplaced. Appellant was charged with the violation of an ordinance enacted by the Village of East Sparta, not an administrate law promulgated by the BMV. Appellant was stopped and cited for the violation by a law enforcement officer, not an employee of the BMV. See, State v. Holbert (1974), 38 Ohio St.2d 113, 311 N.E.2d 22; R.C. 4513.39. The BMV was not a party, nor involved in the proceedings in the lower court.
 {¶ 52} Appellant's argument that the Uniform Traffic Ticket is not a legal judicial summons for him to appear in court is likewise misplaced.
 {¶ 53} It is true that Criminal Rule 3 requires a sworn affidavit. However, Criminal Rule 3 does not apply to the instant case. Criminal Rule 1(C) (3) excludes from the application of the Criminal Rules all cases covered by the Ohio Uniform Traffic Rules. Such is the case here. Traffic Rule 3 (not Criminal Rule 3) specifies the necessary procedures for the issuance of the traffic ticket. The rule provides that "(a) law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon the defendant and, without unnecessary delay, file the court copy with the court." (The rule provides further that when an officer writes a ticket at the scene of an alleged offense, he shall not be required to rewrite the complaint in order to file it unless the original is illegible.) It does not require that the officer swear to the veracity of the complaint before an appropriate authority. However, all Ohio Uniform Traffic Tickets are subject to the following caveat: "The issuing-charging law enforcement officer states under the penalties of perjury and falsification that he has read the above complaint and that it is true." Thus, all law enforcement officers continue to attest to the accuracy of the ticket to protect the interests of the motorists. See 2 Shroeder-Katz, Ohio Criminal Law and Practice 516 (1974). Cleveland v. Austin (1978),55 Ohio App.2d 215, 222-223, 380 N.E.2d 1357, 1363-1364; White v.State, 5th Dist. No. 2003CA00101, 2003-Ohio-5169 at ¶ 10.
 {¶ 54} Based upon the foregoing, we find that appellant was properly and lawfully stopped, cited, and tried by the trial court.
 {¶ 55} Accordingly, all of appellant's assignments of error are overruled.
 {¶ 56} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.