OPINION
{¶ 1} Defendant-appellant Troy Davis, Jr. appeals his conviction and sentence from the Canton Municipal Court on one count each of driving under an FRA suspension and driving with no tail lights or rear illumination. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACT AND CASE {¶ 2} On November 25, 2005, appellant was cited for driving under an FRA suspension in violation of R.C. 4510.16, a misdemeanor of the first degree, and driving with no tail lights or rear illumination in violation of R.C. 4513.05, a minor misdemeanor.
 {¶ 3} On December 8, 2005, appellant filed a Motion to Dismiss for lack of subject matter jurisdiction, arguing that R.C. 4510.16 and4513.05 were not duly enacted laws and thus were "null and void on their face." After the trial court overruled his motion pursuant to a Judgment Entry filed on December 15, 2005, appellant, on December 30, 2005, filed a "Demand for Court and Prosecutor to Show Subject-Matter Jurisdiction thus Authority in Instant Case." A hearing on appellant's motion was scheduled for January 23, 2006.
 {¶ 4} At the conclusion of the hearing, the trial court found on the record that it had subject matter jurisdiction pursuant to R.C. 1901.20. The matter then proceeded to a bench trial. As memorialized in a Judgment Entry filed on January 23, 2006, the trial court found appellant guilty of both charges and ordered him to serve one hundred eighty (180) days in jail, with all but thirty (30) days suspended. The trial court also granted appellant credit for two days already served and ordered that the balance of appellant's jail time was to be served on electronically monitored house arrest.
 {¶ 5} Appellant now raises the following assignments of error on appeal:
 {¶ 6} "THE APPELLANT, FOR HIS ASSIGNMENT OF ERRORS, STATES THAT THE JUDGMENT RENDERED BY THE CANTON MUNICIPAL COURT IS IN ERROR AND IS NULL AND VOID FOR THE FOLLOWING JURISDICTIONAL FACTS:
 {¶ 7} "1. MAGNOLIA POLICE OFFICER — GARY SIX ERRED BY SIGHTING [SIC] AND ARRESTING APPELLANT FOR THE VIOLATION OF NO LAW OF THE STATE OF OHIO.
 {¶ 8} "2. CANTON CITY PROSECUTOR — MELISSA DAY ERRED BY PROSECUTING APPELLANT WITH THE VIOLATION OF NO `DULY ENACTED' LAW OF THE STATE OHIO.
 {¶ 9} "3. CANTON MUNICIPAL COURT JUDGE — JOHN POULOS ERRED BY MOVING FORWARD IN CASE NO. 05 TRD 09353 AGAINST APPELLANT NOTWITHSTANDING APPELLANT'S MOTION AT INITIAL APPEARANCE INFORMING COURT THAT IT LACKED SUBJECT-MATTER JURISDICTION, WHICH THE COURT IGNORED, AND ENTERED A PLEA OF NOT GULLTY [SIC] FOR APPELLANT.
 {¶ 10} "4. CANTON MUNICIPAL COURT JUDGE — MARY FALVEY ERRED BY MOVING FORWARD IN CASE NO. 05 TRD 09353 AGAINST APPELLANT NOTWITHSTANDING APPELLANT'S SEVERAL FILED MOTIONS CHALLENGING COURTS WANT OF SUBJECT-MATTER JURISDICTION WHEREAS COURT FOUND APPELLANT GUILTY OF VIOLATING OHIO REVISED CODE SECTION 4510.16, WITHOUT PROPERLY ANSWERING APPELLANTS CHALLENGE OF WANT OF SUBJECT-MATTER JURISDICTION."
 I, II, III, IV {¶ 11} Appellant, in his four assignments of error, argues that the judgment of the Canton Municipal Court is null and void because it lacked subject matter jurisdiction. We disagree.
 {¶ 12} Appellant specifically contends that R.C. 4510.16 and 4513.05
were not duly enacted laws and thus were "null and void on their face." Art. II, Sec. 1 of the Ohio Constitution provides that "[t]he legislative power of the state shall be vested in a general assembly consisting of a senate and house of representatives . . ." Such section grants the general assembly the power to enact laws. We note that a regularly enacted statute of the General Assembly is presumed to conform with the Ohio and United States Constitutions. State ex rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, 128 N.E.2d 59, at paragraph one of the syllabus.
 {¶ 13} As noted by appellee in its brief, R.C. 4510.16 was enacted by the General Assembly of the State of Ohio in Substitute House Bill 52 and took effect on June 1, 2004. Such bill stated, in relevant part, as follows: "Be it enacted by the General Assembly of the State of Ohio: SECTION 1. That sections 4510.16, . . be amended . . . to read as follows: . . ." Similarly, R.C. 4513.05 was enacted, effective January 1, 2004, by 2002 S.B. 123.
 {¶ 14} While appellant contends that such statutes were not duly enacted in accordance with Article II, Sections I, (captioned "in whom legislative power is vested"), section 1b (captioned "Transmission to legislature; referendum; constitutional amendment's.) section 15 (captioned "How bills shall be passed") and section 16 (captioned "Bills to be signed by governor; veto") of the Ohio Constitution, he has failed to prove that the statutes were not so duly enacted.
 {¶ 15} Furthermore, we note that appellant has challenged the subject matter of the Canton Municipal Court before. See State v. Davis, Stark App. No. 2004CA00202, 2005-Ohio-494. This Court, in Davis, stated in relevant part as follows in holding that the Canton Municipal Court had jurisdiction to convict appellant of violating an ordinance requiring drivers to obey traffic control devices: "A motion to dismiss filed pursuant to Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state. State v. Patterson (1989),63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167; State v. Green (July 12, 1998), 5th Dist. No. 97CAA11052. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case.State v. Varner (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offense, in this case failing to obey a traffic control device. State v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618,2002 WL 4484, citing State v. Heebsh (1992), 85 Ohio App.3d 551, 556,620 N.E.2d 859, 862.
 {¶ 16} "Jurisdiction, broadly defined, is the `right and power to interpret and apply the law'. The American Heritage Dictionary, Second College Edition (1982), 694. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. [Morrison v. Steiner (1972), 32 Ohio St.2d 86, 290 N.E.2d 841.] In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged `any cause of action cognizable by the forum.' Avco Fin.Serv. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378,1380. In the criminal context, the proper inquiry likewise centers on what is the proper forum to hear the type of case in question, i.e., municipal or common pleas, court of general jurisdiction or juvenile court if, of course, there is a proper forum at all. See, e.g.,State v. Nelson (1977), 51 Ohio App.2d 31, 5 O.O.3d 158,365 N.E.2d 1268; State v. Wilson, 73 Ohio St.3d 40, 652 N.E.2d 196." State v.Garretson (2000), 140 Ohio App.3d 554, 558, 748 N.E.2d 560, 564.
 {¶ 17} "The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. Behrle v. Beam (1983),6 Ohio St.3d 41, 42, 451 N.E.2d 237. Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. Id. State v. Spartz (Feb. 22, 2000), 12th Dist No. CA99-11-026.
 {¶ 18} "Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.
 {¶ 19} "Pursuant to R.C.1901.20, `The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory.'" Id. at paragraphs 36-40.
 {¶ 20} As noted in the above case, R.C. 1901.02(B) provides that the territorial jurisdiction of the Canton Municipal Court includes Sandy Township, which is where the alleged misdemeanor offenses in the case sub judice occurred.
 {¶ 21} In the case sub judice, the evidence is undisputed that the offenses in this matter occurred in Sandy Township, which is in Stark County, and which is expressly within the jurisdiction of the Canton Municipal Court pursuant to R.C. 1901.20.[1]
 {¶ 22} Based on the foregoing, we find that the Canton Municipal Court had subject matter jurisdiction.
 {¶ 23} Appellant's four assignments of error are, therefore, overruled.
 {¶ 24} Accordingly, the judgment of the Canton Municipal Court is affirmed.
By: Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed. Costs assessed to appellant.
[1] We not that appellant, at the January 23, 2006, hearing argued that the trial court had no subject matter jurisdiction under R.C.1901.18. However, such section discusses subject matter jurisdiction over civil matters, not criminal or traffic matters.