{¶ 1} On November 25, 2005, appellant, Troy Davis, Jr., was cited for driving under an FRA suspension in violation of R.C. 4510.16 and driving with no tail-lights or rear illumination in violation of R.C. 4513.05
(Case No. 2005TRD09353). Following a bench trial, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, one hundred fifty days suspended, with the balance to be served on electronically monitored house arrest. See, Judgment Entry filed January 23, 2006.
 {¶ 2} Appellant filed an appeal and this court affirmed the trial court's decision. See, State v. Davis, Stark App. No. 2006CA00035,2006-Ohio-6399.
 {¶ 3} On January 19, 2007, appellant filed a complaint in the Court of Common Pleas against appellees, Village of Magnolia Police Officers Gary Six, Jeffrey Hager, and Officer Lewis, Canton Law Director Joseph Martuccio, Canton City Prosecutor Frank Forchione, Canton City Assistant Prosecutor Melissa Day, and Canton Municipal Court Judges John Poulos and Mary Falvey. Appellant in essence claimed the defendants did not have the authority to cite, prosecute and convict him of the traffic violations because the municipal court did not have subject matter jurisdiction. All the defendants filed motions to dismiss. By judgment entries filed March 20 and 23, 2007, the trial court granted the motions and dismissed appellant's claims against appellees.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "JUDGE RICHARD REINBOLD ERRED, WHEN HE STATED IN HIS JUDGEMENT (SIC) ENTRY TO DISMISS MY CIVIL TORT AGAINST DEFENDANTS, *Page 3 
`BECAUSE HE DIDN'T THINK THAT PLAINTIFF COULD PROVE HIS CASE AGAINST DEFENDANTS'. JUDGE REINBOLD KNEW OR SHOULD HAVE KNOWN THAT WHEN A COURT IS CHALLENGED FOR WANT OF SUBJECT-MATTER JURISDICTION IT HAS A MANDATORY DUTY TO ANSWER THE CHALLENGE AND SHOW THAT IT HAS SUBJECT-MATTER JURISDICTION OR IF IT DOES NOT SHOW IT HAS SUBJECT-MATTER JURISDICTION IT BY RULE OF LAW LOSES SUBJECT-MATTER JURISDICTION (OHIO JURIS.PRUD. 3D)."
 II {¶ 6} "JUDGE REINBOLD WAS MADE AWARE OF ALL THESE JURISDICTIONAL PREREQUISTS (SIC) IN MY CIVIL COMPLAINT BUT CHOSE TO IGNOR (SIC) THEM. ERROR."
 III {¶ 7} "JUDGE REINBOLD KNEW OR SHOULD HAVE KNOWN ABOUT ORC. SECTION1901.18 SUBJECT-MATTER JURISDICTION FOR MUNICIPAL COURTS AND KNOWN THAT THERE WAS NO JURISDICTION FOR TRAFFIC TICKETS THE WHOLE OF MY COMPLAINT. ERROR."
 I, II, III {¶ 8} Appellant claims the trial court erred in granting appellees' Civ.R. 12(B)(6) motions to dismiss. The gravamen of appellant's complaint filed in the Court of Common Pleas is that the Canton Municipal Court lacks subject matter jurisdiction to resolve the guilt or non-guilt of a traffic offender.
 {¶ 9} There are procedural issues that must first be addressed by this court. Appellant's notice of appeal notes in the docketing statement filed April 18, 2007 that he *Page 4 
is appealing the denial of due process and discovery. In fact, the issue is the trial court's granting of appellees' Civ.R. 12(B)(6) motions. Appellant's brief corrects this error by assigning as error the Civ.R. 12(B)(6) issue. App.R. 16 specifically requires an assignment of error to address each issue raised on appeal:
 {¶ 10} "(A) Brief of the appellant
 {¶ 11} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 12} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 13} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 {¶ 14} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 15} Appellant's brief does not include an assignment of error relative to appellees Gary Six, Jeffrey Hager, and Officer Lewis. As such, these appellees are left with nothing to respond to in their brief.
 {¶ 16} Appellant takes great pains to cite letter and verse the United States and Ohio Constitutions, but flagrantly disregards the Supreme Court of Ohio's duly promulgated rules of court. In this regard, the appeal taken against appellees Six, Hager, and Lewis is dismissed. *Page 5 
 {¶ 17} For the following reasons, we affirm the trial court's decision and the sole issue raised by this appeal, the subject matter jurisdiction of the Canton Municipal Court in traffic cases.
 {¶ 18} In a previous appeal, State v. Davis, Stark App. No. 2006CA00035, 2006-Ohio-6399, ¶ 6-10, appellant assigned the following assignment of error regarding his conviction on the underlying traffic violations:
 {¶ 19} "THE APPELLANT, FOR HIS ASSIGNMENT OF ERRORS, STATES THAT THE JUDGMENT RENDERED BY THE CANTON MUNICIPAL COURT IS IN ERROR AND IS NULL AND VOID FOR THE FOLLOWING JURISDICTIONAL FACTS:
 {¶ 20} "1. MAGNOLIA POLICE OFFICER GARY SIX ERRED BY SIGHTING [SIC] AND ARRESTING APPELLANT FOR THE VIOLATION OF NO `DULY ENACTED' LAW OF THE STATE OF OHIO.
 {¶ 21} "2. CANTON CITY PROSECUTOR MELISSA DAY ERRED BY PROSECUTING APPELLANT WITH THE VIOLATION OF NO `DULY ENACTED' LAW OF THE STATE OHIO.
 {¶ 22} "3. CANTON MUNICIPAL COURT JUDGE-JOHN POULOS ERRED BY MOVING FORWARD IN CASE NO. 05 TRD 09353 AGAINST APPELLANT NOTWITHSTANDING APPELLANT'S MOTION AT INITIAL APPEARANCE INFORMING COURT THAT IT LACKED SUBJECT-MATTER JURISDICTION, WHICH THE COURT IGNORED, AND ENTERED A PLEA OF NOT GULLTY [SIC] FOR APPELLANT.
 {¶ 23} "4. CANTON MUNICIPAL COURT JUDGE-MARY FALVEY ERRED BY MOVING FORWARD IN CASE NO. 05 TRD 09353 AGAINST APPELLANT *Page 6 
NOTWITHSTANDING APPELLANT'S SEVERAL FILED MOTIONS CHALLENGING COURTS WANT OF SUBJECT-MATTER JURISDICTION WHEREAS COURT FOUND APPELLANT GUILTY OF VIOLATING OHIO REVISED CODE SECTION 4510.16, WITHOUT PROPERLY ANSWERING APPELLANTS CHALLENGE OF WANT OF SUBJECT-MATTER JURISDICTION."
 {¶ 24} In responding to this assignment of error, this court reviewed a prior case from this court, State v. Davis, Stark App. No. 2004-CA-00202, 2005-Ohio-494, and determined the Canton Municipal Court had subject matter jurisdiction, finding the following at ¶ 15-20:
 {¶ 25} "Furthermore, we note that appellant has challenged the subject matter of the Canton Municipal Court before. See State v. Davis, Stark App. No. 2004CA00202, 2005-Ohio-494. This Court, in Davis, [at ¶ 36-40] stated in relevant part as follows in holding that the Canton Municipal Court had jurisdiction to convict appellant of violating an ordinance requiring drivers to obey traffic control devices: `A motion to dismiss filed pursuant to Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state. State v. Patterson
(1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167; State v.Green (July 12, 1998), 5th Dist. No. 97CAA11052. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. State v. Varner (1991), 81 Ohio App.3d 85,86, 610 N.E.2d 476, 477. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offense, in this case failing to obey a traffic control *Page 7 
device. State v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618,2002 WL 4484, citing State v. Heebsh (1992), 85 Ohio App.3d 551, 556,620 N.E.2d 859, 862.
 {¶ 26} "`"Jurisdiction, broadly defined, is the `right and power to interpret and apply the law'. The American Heritage Dictionary, Second College Edition (1982), 694. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. [Morrison v. Steiner (1972), 32 Ohio St.2d 86, 290 N.E.2d 841.] In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged `any cause of action cognizable by the forum.' Avco Fin.Serv. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378,1380. In the criminal context, the proper inquiry likewise centers on what is the proper forum to hear the type of case in question, i.e., municipal or common pleas, court of general jurisdiction or juvenile court if, of course, there is a proper forum at all. See, e.g.,State v. Nelson (1977), 51 Ohio App.2d 31, 5 O.O.3d 158,365 N.E.2d 1268; State v. Wilson, 73 Ohio St.3d 40, 652 N.E.2d 196." State v.Garretson (2000), 140 Ohio App.3d 554, 558, 748 N.E.2d 560, 564.
 {¶ 27} "`The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. Behrle v. Beam (1983),6 Ohio St.3d 41, 42, 451 N.E.2d 237. Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901.Id. State v. Spartz (Feb. 22, 2000), 12th Dist No. CA99-11-026. *Page 8 
 {¶ 28} "`Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.
 {¶ 29} "`Pursuant to R.C. 1901.20, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory." `
 {¶ 30} "As noted in the above case, R.C.1901.02(B) provides that the territorial jurisdiction of the Canton Municipal Court includes Sandy Township, which is where the alleged misdemeanor offenses in the case sub judice occurred."
 {¶ 31} Based upon this court's prior review on two different occasions regarding the issue of the municipal court's subject matter jurisdiction, including the underlying conviction which was the genesis of the complaint sub judice, we find appellant's complaint is barred by res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 32} Assignments of Error I, II and III are denied. *Page 9 
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Edwards, J. concur. *Page 1 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. *Page 1