OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Noggle, Appellee.
[Cite as State v. Noggle (1993), -- Ohio St. 3d ---.]
Criminal law -- Sexual battery - High school teacher and coach
     not in loco parentis with respect to his student athlete for
     purposes of R.C. 2907.03(A)(5) -- Combination with other
     facts and circumstances may give rise to an in loco parents
     relationship for purposes of R.C. 2907.03(A)(5) -- Person
     is in loco parents for purposes of R.C. 2907.03(A)(5), when
     -- Motion to dismiss as applied to an indictment.
1.   The phrase "person in loco parentis" in R.C. 2907.03(A)(5)
     applies to a person who has assumed the dominant parental
     role and is relied upon by the child for support.
2.   Indictments based upon an alleged offender's status as a
     person in loco parentis should at least state the very
     basic facts upon which that alleged status is based.
          (No. 92-412 -- Submitted March 9, 1993 -- Decided
August 4, 1993.)
     Appeal from the Court of Appeals for Ottawa County, No.
91-OT-024.
     Defendant-appellee, Dale G. Noggle, a high school teacher
and coach, was charged with sexual battery as a result of
sexual conduct he allegedly engaged in with a student.  He was
specifically charged with violating R.C. 2907.03(A)(5), which
provides as follows:
     "No person shall engage in sexual conduct with another, not
the spouse of the offender, when any of the following apply:
     "* * *
     "(5) The offender is the other person's natural or adoptive
parent, or a stepparent, or guardian, custodian or person in
loco parentis."
     The indictment returned against Noggle alleged that an in
loco parentis relationship existed between Noggle and the
student, but did not specify the nature or underlying basis of
that relationship.  An amended bill of particulars specified in
pertinent part as follows:
     "* * * the said Dale G. Noggle being a person in loco
parentis of said * * *, and the said Dale G. Noggle being such
a person in loco parentis by virtue of his position as a

teacher and school coach * * *."

The trial court granted Noggle's motion to dismiss the indictment, holding that a teacher and coach is not, as a matter of law, a person in loco parentis for purposes of the sexual battery statute. The court of appeals affirmed the dismissal.

The cause is before this court pursuant to the allowance of a motion for leave to appeal.

Lowell S. Petersen, Ottawa County Prosecuting Attorney, and Mark E. Mulligan, Assistant Prosecuting Attorney, for appellant.

Gordon A. Senerius, for appellee.

Pfeifer, J.     What Dale Noggle is accused of doing is wrong in the eyes of his profession and in the eyes of society. What Dale Noggle is accused of doing, however, is not considered a criminal wrong by the state of Ohio. Therefore, we affirm the decision of the court of appeals.

Consensual sexual conduct between persons over sixteen years of age, as was apparently the situation in this case, is generally legal in Ohio. The intent of R.C. 2907.03 is to forbid sexual conduct in a variety of situations where the offender takes unconscionable advantage of the victim. The complete list of situations stated in the statute is relevant to an analysis of the claim against Noggle. The statute reads:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

"(2) The offender knows that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired.

"(3) The offender knows that the other person submits because he or she is unaware that the act is being committed.

"(4) The offender knows that the other person submits because such person mistakenly identifies the offender as his or her spouse.

"(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis.

"(6) The other person is in custody of law or a patient in a hospital or other institution, and the offender has supervisory or disciplinary authority over such other person."

The General Assembly envisioned a variety of specific situations where an offender might take unconscionable advantage of a victim. The teacher-student relationship is not, however, included as one of those situations. That fact is telling. The statute is very specific, going so far as to forbid sexual conduct between prison workers and prisoners as well as between hospital workers and patients. Had the General Assembly sought to forbid sexual conduct between teachers and students, it would have done so specifically.

The prosecutor in this case creatively attempted to include teachers within the definition of a "person in loco parentis" under R.C. 2907.03(A)(5). However, the intent of the legislature was not to include teachers under that part of the

statute. The Committee Comment to H.B. No. 511 discusses how (A)(5) fits within the rest of the statute: "Incestuous conduct is also included, though defined in broader terms than formerly, so as to include not only sexual conduct by a parent with his child, but also sexual conduct by a step-parent with his step-child, a guardian with his ward, or a custodian or person in loco parentis with his charge."

R.C. 2907.03(A)(5) was quite obviously designed to be Ohio's criminal incest statute. The traditional family unit has become less and less traditional, and the legislature wisely recognized that the parental role can be assumed by persons other than biological parents, and that sexual conduct by someone assuming that role can be just as damaging to a child.

The term "in loco parentis" means "charged, factitiously, with a parent's rights, duties, and responsibilities." Black's Law Dictionary(6 Ed. 1990) 787. A person in loco parentis has assumed the same duties as a guardian or custodian, only not through a legal proceeding. A "person in loco parentis" was grouped with guardians and custodians in the statute because they all have similar responsibilities.

The phrase "person in loco parentis" in R.C. 2907.03(A)(5) applies to a person who has assumed the dominant parental role and is relied upon by the child for support. This statutory provision was not designed for teachers, coaches, scout leaders, or any other persons who might temporarily have some disciplinary control over a child. Simply put, the statute applies to the people the child goes home to.

Appellant argues that there may be certain scenarios where a teacher might be considered as a person in loco parentis. The only time a teacher could be found to be so would be if the student lived with the teacher and relied on the teacher for support. Being a teacher, for purposes of this statute, is no more relevant than being a firefighter, an accountant, or a flight attendant.

Additionally, we are instructed by R.C. 2901.04(A) to strictly construe criminal statutes against the state and to liberally construe them in the favor of the accused. With that guideline in mind, it is impossible that a teacher could be considered a person in loco parentis based solely on his role as teacher.

Finally, ordinarily, an indictment against a defendant is sufficient if it states the charge against the defendant in the words of the statute. Crim. R. 7(B). However, in regard to this particular statute, the words used are not sufficient. The phrase "person in loco parentis" is a general phrase demanding specificity. Indictments based upon the alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that status is based.

In this case the amended bill of particulars served the purpose of stating the basic facts supporting the allegation that Noggle was a person in loco parentis. The fact that Noggle was a teacher and coach was insufficient to support an indictment based upon R.C. 2907.03(A)(5). The court of appeals correctly affirmed the trial court's dismissal. Accordingly, the judgment of the appellate court is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Wright, Fain and F.E. Sweeney, JJ., concur.

Moyer, C.J., dissents.

Mike Fain, J., of the second appeallate District, sitting for Resnick, J.