The STATE of Ohio

v.

SEARS, Defendant.

2002-Ohio-4225.]

Court of Common Pleas of Ohio,
Clermont County.

No. 01CR00224.

Decided Jan. 17, 2002.

---

Maura Teague, Clermont County Assistant Prosecuting Attorney, for plaintiff.

Adams, Welsh, Strong & Pitstick, L.L.C., William M. Welsh and Joseph V. Pitstick, for defendant.

---

ROBERT P. RINGLAND, Judge.

{¶ 1} The present matter is before the court on defendant Jeffrey C. Sears's motion to dismiss filed on January 8, 2002. Upon consideration of the oral argument, as well as the memorandum and exhibits, the court hereby renders the following decision.

{¶ 2} The mechanism governing pretrial motions to dismiss criminal indictments is found in Crim.R. 12(C). *State v. Riley*, Butler App. No. CA 2001–04–095, 2001-Ohio-8618, 2002 WL 4484. This rule states:

{¶ 3} "Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request *that is capable of determination without the trial of the general issue.* The following must be raised before trial:

{¶ 4} "* * *

{¶ 5} "(2) Defenses and objections based on defects in the indictment, information, or complaint." (Emphasis added.)

{¶ 6} The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment. *State v. McNamee* (1984), 17 Ohio App.3d 175, 176, 17 OBR 306, 307–308, 478 N.E.2d 843, 845. A motion to dismiss filed pursuant to Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state. *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offense, in this case sexual battery. *State v. Riley*, Butler App. No. CA2001–04–095, 2001-Ohio-8618, 2002 WL 4484, citing *State v. Heebsh* (1992), 85 Ohio App.3d 551, 556, 620 N.E.2d 859, 862.

{¶ 7} The indictment of the defendant alleges four counts of sexual battery. Each count states:

{¶ 8} "Jeffrey C. Sears, on or about February through May, 1994, in Clermont County, Ohio, engaged in sexual conduct with another, not the spouse of the defendant, when the defendant was a teacher, administrator, coach, or other person in authority employed by or serving a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person was enrolled in or attended that school, and the defendant was not enrolled in and did not attend that school, contrary to and in violation of Section 2907.03(A)(7) of the Revised Code of Ohio, a felony of the third degree, and against the peace and dignity of the State of Ohio."

{¶ 9} In his motion to dismiss, defendant argues that R.C. 2907.03(A)(7) did not exist at the time the conduct is alleged to have taken place and only became law on July 19, 1994. Thus, defendant argues that he could not have violated a law that did not exist.

{¶ 10} Prior to July 19, 1994, R.C. 2907.03, the Ohio sexual battery statute, read as follows:

{¶ 11}   "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

{¶ 12}   "(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

{¶ 13}   "(2) The offender knows that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired.

{¶ 14}   "(3) The offender knows that the other person submits because he or she is unaware that the act is being committed.

{¶ 15}   "(4) The offender knows that the other person submits because such person mistakenly identifies the offender as his or her spouse.

{¶ 16}   "(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis.

{¶ 17}   "(6) The other person is in custody of law or a patient in a hospital or other institution, and the offender has supervisory or disciplinary authority over such other person."

{¶ 18}   Sub.H.B. No. 454 became effective on July 19, 1994.  Sub.H.B. No. 454 provides that the Act is "[t]o amend sections 124.34, 2907.03, 3319.081, and 3319.16 of the Revised Code to prohibit teachers, administrators, coaches, and other authority figures of a public or nonpublic school from engaging in sexual conduct with a person who is enrolled in or attends the public or nonpublic school in which they are employed."   Sub.H.B. No. 454, 145 Ohio Laws, Part IV, 6131.

{¶ 19}   Prior to the enactment of Sub.H.B. No. 454, the Ohio Supreme Court addressed the application of R.C. 2907.03 to conduct similar to that of defendant's in the present case.   The court noted that "[c]onsensual sexual conduct between persons over sixteen years of age * * * is generally legal in Ohio." *State v. Noggle* (1993), 67 Ohio St.3d 31, 32, 615 N.E.2d 1040, 1041.  "The intent of R.C. 2907.03 is to forbid sexual conduct in a variety of situations where the offender takes unconscionable advantage of the victim."   Id. The court noted that the statute is very specific and that had the General Assembly sought to forbid sexual conduct between teachers and students, it would have done so specifically.   Id. at 33, 615 N.E.2d at 1041–1042.   The Supreme Court further found that what the offender was accused of doing is wrong in the eyes of his profession and in the eyes of society, but it "is not considered a criminal wrong by the state of Ohio." Id. at 32, 615 N.E.2d at 1041.

{¶ 20}   "Statutes are presumed to apply only prospectively unless specifically made retroactive." *State v. Cook* (1998), 83 Ohio St.3d 404, 410, 700 N.E.2d 570, citing R.C. 1.48.   R.C. 2907.03(A)(7) was not expressly made retroactive.   Because it was enacted on July 19, 1994, R.C. 2907.03 is inapplicable to the

present case which concerns alleged acts that occurred between February and May 1994. Moreover, if this court were to apply R.C. 2907.03(A)(7) to the defendant, it would violate ex post facto principles set forth in the United States Constitution. Legislation violates the Ex Post Facto Clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. *State v. Rush* (1998), 83 Ohio St.3d 53, 59, 697 N.E.2d 634, 639. Defendant's conduct, although "wrong in the eyes of his profession and in the eyes of society," was not considered a criminal wrong prior to the time R.C. 2907.03(A)(7) became effective on July 19, 1994. *Noggle,* supra, at 32, 615 N.E.2d at 1041.

{¶ 21} Based upon the foregoing analysis, the court finds that defendant cannot be prosecuted under R.C. 2907.03(A)(7), as it was not in existence at the time of the defendant's alleged conduct. Therefore, defendant's motion to dismiss is hereby granted.

Motion to dismiss granted.