JOURNAL ENTRY AND OPINION
{¶ 1} Eric Kazmaier appeals from a judgment of conviction entered after Cleveland Municipal Court Judge Robert J. Triozzi found him guilty of child endangering.[1] He contends there was insufficient evidence to support the charge and his conviction was against the manifest weight of the evidence. We affirm.
 {¶ 2} From the record we glean the following: At 2:45 a.m. on November 29, 2003, it was snowing and the temperature was in the teens. Devon Gill, Kazmaier's live-in girlfriend who was pregnant with his child, called 911 from a gas station about eight blocks from Kazmaier's home. Police Officer Charles Lavelle met Ms. Gill and her two-year-old daughter inside an EMS vehicle that happened to be at the gas station. He noted that the two were only wearing jackets over their bed-clothes and that the child was cold, upset, fearful, and had urinated in her pajamas. He described Ms. Gill as very subdued and quiet.
 {¶ 3} Officer Lavelle stated that Ms. Gill told him that earlier that morning Kazmaier had come home drunk and they had gotten into an argument over a missing piece of pumpkin roll. After she retreated to her daughter's bedroom, Kazmaier entered, waking up the child, pulled Ms. Gill from the bed and, with the child trailing behind, dragged her down the stairs. The officer claimed that Ms. Gill said she was just able to grab their coats before Kazmaier forced them out of the house and locked the door. The officer contended that when he and his partner went to the Kazmaier home it was locked. He described Kazmaier as drunk, uncooperative, abusive, and, following his arrest, angry and violent in the zone car.
 {¶ 4} Kazmaier was charged with domestic violence,[2]
and child endangering.[3] During trial, Ms. Gill admitted the police officer's testimony correctly stated what she had told him that morning, but that she had lied to the officer because she was mad at Kazmaier for going out with friends. She testified that she was not pulled down the stairs nor forced out of the house, and that she had left with her child on her own volition. She testified that the two walked nearly eight blocks to a gas station so she could call her mother to pick them up and, when taken in by paramedics who happened to be there, she decided to call 911.
 {¶ 5} At the close of the City's case, the judge denied Kazmaier's motion for acquittal on the child endangering charge. In his defense, Kazmaier testified that he and Ms. Gill had gotten into an argument and she decided that she and her child were leaving. He claimed he asked her not to go out, offered to drive her to her mother's home, and offered her money for a bus or cab. He contended that she refused everything but the money, and left. He believed that she would cool down and return home, so he went to bed.
 {¶ 6} Kazmaier was found not guilty of domestic violence, but was convicted of child endangering and was sentenced to a suspended 90-days in jail, a fine of $150, and one year of probation and substance abuse assessment and counseling. The judge stayed his sentence pending appeal. Kazmaier's four assignments of error are set forth in the appendix to this opinion.
 STANDARD OF REVIEW {¶ 7} We review a sufficiency challenge de novo[4] to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[5] In contrast, the purpose of manifest weight review is to determine "whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."[6]
 {¶ 8} Although a court of appeals may determine that a judgment is sustained by sufficient evidence, it may, nevertheless, conclude the judgment is against the manifest weight of the evidence.[7] In considering a manifest weight claim, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.[8]
 SUFFICIENCY OF THE EVIDENCE {¶ 9} Kazmaier, in three assignments of error, claims the City failed to introduce legally sufficient evidence to prove beyond a reasonable doubt the elements needed to satisfy a conviction under Cleveland's child endangering ordinance. C.C.O. 609.04(a) provides the following:
{¶ 10} "No person, who is the parent, guardian, custodian,person having custody or control, or person in loco parentis of achild under eighteen years of age * * *, shall create asubstantial risk to the health or safety of a child, by violatinga duty of care, protection or support."
 {¶ 11} Kazmaier contends the evidence did not prove beyond a reasonable doubt that he was a person subject to the statute, that he created a substantial risk to the health or safety of the two-year-old child, or that he possessed the requisite culpable mental state to be found guilty.
 {¶ 12} Although Kazmaier is not the father of Ms. Gill's daughter, she testified that they lived with him for more than a year-and-a-half, and that he was their sole means of support. The term "in loco parentis" has traditionally been defined as the relationship which a person assumes toward a child not his own, holding him/her out to the world as a member of his family toward whom he owes the discharge of parental duties.[9] A person in loco parentis "has assumed the same duties as a guardian or custodian, only not through a legal proceeding."[10] It applies to one who is relied upon for support or applies to the person "the child goes home to."[11] Based on Ms. Gill's testimony that her daughter's home was with Kazmaier, a rational trier of fact could have found that Kazmaier was acting in loco parentis. The third assignment of error is overruled.
 {¶ 13} Kazmaier argues there was insufficient evidence to prove he created a substantial risk to the health or safety of the child because she was wearing a coat and was with her mother. Officer Lavelle's testimony was the only evidence introduced to prove that Kazmaier forced Ms. Gill and her child out of the home. Although objection to that testimony was overruled at trial, Kazmaier does not challenge the judge's ruling on appeal. We, therefore, accept the officer's testimony in viewing the evidence in the light most favorable to the prosecution. We must determine whether forcing a child wearing a coat out of the home into sub-freezing temperatures with her mother created a substantial risk to her health or safety.
 {¶ 14} A "`[s]ubstantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."[12] In Eastlake v. Corrao[13] the court ruled that a substantial risk was not created when, without explanation, the defendant left her three children with their grandfather for nearly two weeks. The court ruled that the grandfather could adequately care for the children and, as a result, there was not a strong possibility of harm.[14]
 {¶ 15} As in Corrao, Ms. Gill was with her child and could care for her; but, unlike Corrao, Ms. Gill did not have the means to adequately protect her daughter from the snow and sub-freezing temperatures into which both had been forced.
 {¶ 16} It is undisputed that the pair walked nearly eight blocks to the nearest public telephone wearing only shoes and jackets over their bed-clothes. Exposure to extreme temperatures for a relatively extended period of time creates a substantial risk to the health or safety of a child.[15] A rational trier of fact could have found that the sub-freezing temperatures created a substantial risk to the health or safety of the child despite the fact that she was with her mother, and despite the fact that she was wearing a coat. The first assignment of error is overruled.
 {¶ 17} Kazmaier submits there was insufficient evidence to prove beyond a reasonable doubt that he acted with the requisite culpable mental state. Although C.C.O. 609.04 does not specify a culpable mental state, the ordinance is analogous to R.C.2919.22(A) under which, despite not being enumerated in the statute, the culpable mental state of recklessness is an essential element of the crime.[16] The City was, therefore, required to prove that Kazmaier acted recklessly to endanger Ms. Gill's daughter.[17]
 {¶ 18} There was testimony that Kazmaier forced Ms. Gill and her daughter outside into sub-freezing temperatures and locked the door to prevent re-entry. R.C. 2901.22(C) provides that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result[.]" The comment to R.C. 2901.22 elaborates by explaining that "something is `likely' when there is merely good reason for expectation or belief."[18] The snow and low temperatures that night gave Kazmaier good reason for expectation or belief that the two-year-old child could suffer from exposure. Moreover, based on evidence that the mother and child were forced out, a rational trier of fact could reasonably conclude that Kazmaier perversely disregarded, with heedless indifference to the consequences, the known risk that the two-year-old could suffer from exposure. The second assignment of error is overruled.
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 19} Kazmaier claims that his conviction was against the manifest weight of the evidence because only Officer Lavelle testified that Kazmaier forced Ms. Gill and her daughter out of the home. He contends the officer clearly did not witness the events, and his version of what purportedly happened was simply a recitation of the lies Ms. Gill told him.
 {¶ 20} During trial Ms. Gill admitted she told the Officer lies, claimed she really left on her own accord and took her daughter with her. Kazmaier corroborated her testimony. Kazmaier submits that the judge, sitting as fact finder, lost his way in assessing the evidence by believing the police officer's second-hand story over sworn testimony of the alleged victim.
 {¶ 21} In reaching his verdict, the judge specifically addressed the conflicting testimony and placed significance on the fact that Ms. Gill confirmed that the officer's testimony accurately reflected what she told him that night. He ultimately found that the City proved beyond a reasonable doubt that Kazmaier forced the woman and her child out of the home. We must determine whether the evidence on this point was credible, and whether it reasonably supported the inferences necessary to the finding of guilt.[19]
 {¶ 22} The City did not offer into evidence any document reflecting Ms. Gill's statements made that morning. Nevertheless, Ms. Gill admitted that she told the police officer she was forced out of the home that night. We must, therefore, weigh the credibility of Ms. Gill's in-court testimony against what she admitted she told Officer Lavelle that November morning. We find that the officer's testimony was credible because he thought Ms. Gill and the child looked as though they had left the home quickly and because Ms. Gill verified that she had told him she was forced out. Kazmaier's conviction was not against the manifest weight of the evidence; there was no miscarriage of justice. The fourth assignment of error is overruled.
Judgment affirmed.
 APPENDIX — ASSIGNMENTS OF ERROR "I. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT'S RULE 29(A)MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED BY THE CITY WASINSUFFICIENT TO SUPPORT A CONVICTION FOR C.C.O. 609.04 BECAUSETHE CITY FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THEDEFENDANT CREATED A SUBSTANTIAL RISK TO THE HEALTH OR SAFETY OFTHE CHILD.
 II. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT'S RULE 29(A)MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED BY THE PROSECUTIONWAS INSUFFICIENT TO SUPPORT A CONVICTION OF C.C.O. 609.04 BECAUSETHE PROSECUTION FAILED TO PROVE BEYOND A REASONABLE DOUBT THATTHE DEFENDANT ACTED RECKLESSLY.
 III. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT'S RULE29(A) MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED BY THEPROSECUTION WAS INSUFFICIENT TO SUPPORT A CONVICTION OF C.C.O.609.04 BECAUSE THE PROSECUTION FAILED TO PROVE BEYOND AREASONABLE DOUBT THAT THE DEFENDANT WAS A PARENT OR GUARDIAN ORCUSTODIAN OR HAD CUSTODY OF THE CHILD OR WAS ACTING IN LOCOPARENTIS.
 IV. THE DEFENDANT'S CONVICTION OF C.C.O. WAS AGAINST THEMANIFEST WEIGHT OF THE EVIDENCE."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., And Rocco, J., Concur.
[1] Cleveland Codified Ordinances ("C.C.O.") 609.04.
[2] R.C. 2919.25.
[3] C.C.O. 609.04.
[4] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[5] State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159 (emphasis sic), quoting Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560.
[6] State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-533,702 N.E.2d 866.
[7] State v. Thompkins, 78 Ohio St.3d at 387.
[8] State v. Lindsey, 87 Ohio St.3d 479, 483, 2000-Ohio-465,721 N.E.2d 995.
[9] Evans v. The Ohio State University (1996),112 Ohio App.3d 724, 736, 680 N.E.2d 161.
[10] State v. Noggle (1993), 67 Ohio St.3d 31, 33,615 N.E.2d 1040.
[11] Id.
[12] R.C. 2901.01(A)(8).
[13] Eastlake v. Corrao, Lake App. No. 2002-L-094, 2003-Ohio-2373.
[14] Id. at ¶ 24.
[15] See State v. Morton (2000), 138 Ohio App.3d 309, 311-12,741 N.E.2d 202 (ruling that leaving a child locked in a car on a hot June day created a substantial risk to the health of the child); State v. Emerick (1995), 108 Ohio App.3d 401, 406,670 N.E.2d 1060 (ruling that the failure to take inside an unhealthy infant asleep in a drafty automobile on a cold night created a substantial risk to the health of the child).
[16] State v. McGee, 79 Ohio St.3d 193, 195, 1997-Ohio-156,680 N.E.2d 975.
[17] See, generally, Cleveland v. Richmond, Cuyahoga App. No. 79834, 2002-Ohio-2.
[18] 1973 Legislative Service Commission comment to R.C.2901.22.
[19] State v. Lindsey, 87 Ohio St.3d at 483.