DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating the parental rights of Shavanna T., and awarding permanent custody of her daughter, Denisha Michelle T., to appellee, the Lucas County Children Services Board ("LCCSB").
 {¶ 2} On December 23, 2003, Shavanna, who was 14 years old at the time, gave birth to Denisha. When Denisha was born, Shavanna was in the temporary custody of the LCCSB and was placed with her grandmother. However, Shavanna was a habitual runaway who refused to attend school, admitted that she used marijuana, had emotional problems, and declined medical treatment and prenatal care. Shavanna's mother, appellant, Dierdre T., was serving 5 to 15 years in prison for her conviction on a charge of robbery.
 {¶ 3} When Shavanna and Denisha were released from the hospital, Shavanna was placed in a foster home. She ran away from that home shortly thereafter and later stated that she did not want her child. She never saw Denisha again. Although served, Shavanna did not appear at the hearings held on this matter. She was, nevertheless, represented by appointed counsel throughout these proceedings. The juvenile court also appointed an attorney for appellant, the putative father, and Shavanna's grandmother.
 {¶ 4} On December 26, 2003, LCCSB filed a complaint in dependency and a motion for a shelter care hearing. After an adjudicatory hearing, the trial court found that Denisha was a dependent child and awarded temporary custody to LCCSB. The public children services agency immediately filed a motion for permanent custody of Denisha. A dispositional hearing on the agency's motion was held. Based on the evidence offered at this hearing, the trial court terminated the parental rights of Shavanna and the putative father and granted LCCSB's motion for permanent custody. Notably, at the outset of the dispositional hearing, appellant's counsel requested that she be allowed to withdraw as appellant's attorney. The juvenile court granted this request.
 {¶ 5} Neither Shavanna, her grandmother, nor the putative father appealed the judgment of the trial court. Appellant, however, filed a timely notice of appeal. She asserts that the following error occurred in the proceedings below:
 {¶ 6} "The court abused its discretion in granting counsel for Dierdre [T.] at the Trial Court trial on permanent custody leave to withdraw as counsel without good cause."
 {¶ 7} Juv. R. 2(Y) defines the term "party" within the context of a juvenile proceeding. Under this rule, "if a parent of a child is a child, the parent of that parent" is a party. Id. We therefore start with the proposition that appellant was a party to the proceedings below. The issue then is whether appellant was even entitled to appointed counsel.
 {¶ 8} Juv.R. 4(A) reads, in pertinent part: "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel, if indigent." Likewise, R.C. 2151.352 provides that, if indigent, the "child, parents, custodian,[1] or other person in loco parentis[2] of such child" is entitled to appointed counsel.
 {¶ 9} The right to appointed counsel emanates from R.C. 2151.352, not Juv.R. 4(A). State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44, 48. The language of the statute is plain and unambiguous in identifying those individuals who, if indigent, are entitled to appointment of counsel. Id. at 46. Thus, we are compelled to give effect to the words used by the legislature and to refrain from engaging in an interpretation of those words. Wray v. Wymer (1991), 77 Ohio App. 3d 122, 130. Applying the plain meaning of the statute (and the rule) to the case under consideration, there is no evidence in the record of this case to establish that appellant was ever a custodian of Denisha or assumed the duties of a parent to her grandchild. As a result, we find that although appellant was a party to this case and was entitled to be represented by counsel, she was not entitled to appointed counsel. It follows that the juvenile court did not err in allowing appellant's appointed counsel to withdraw at the outset of the dispositional hearing on LCCSB's motion for permanent custody.
 {¶ 10} Accordingly, appellant's sole assignment of error is found not well taken. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.
[1] A "custodian" is a person who has legal custody of a child or a public or private children services agency that has permanent, temporary, or legal custody of a child. R.C. 2151.011(B)(11); Juv.R. 2(H).
[2] A person in loco parentis assumes the duties of a parent but not through a legal proceeding. State v. Noggle (1993), 67 Ohio St.3d 31, 33.