OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals the judgment of the Logan County Court of Common Pleas, granting Defendant-Appellee's, Jon C. Stout's, pretrial motion to dismiss. The State asserts that the trial court erred in granting Stout's pretrial motion to dismiss because the indictment and amended bill of particulars were legally sufficient to put Stout on notice of the charges against him and that the trial court erred in granting Stout's pretrial motion to dismiss based upon factual determinations that should have been decided by the trier of fact at trial. Based on the following, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} In January of 2006, the Logan County Grand Jury indicted Stout under a six count indictment, which included one count of Child Endangering in violation of R.C. 2919.22(A), a misdemeanor of the first degree, and two counts of Sexual Battery in violation of R.C. 2907.03(A)(5), felonies of the third degree.
 {¶ 3} Specifically, the indictment provided, in pertinent part:
COUNT II.
 Jon C. Stout, between the dates of August 17, 2006 and October31, 2005, at the county of Logan aforesaid, did as a guardian,custodian, or person having custody or control, or person in locoparentis, of a child under the age of eighteen, to wit: date ofbirth 09/14/89; created a substantial risk to the health orsafety to the child under the age of eighteen years of age or amentally or physically handicapped child under the age oftwenty-one years of age by violating a duty of care, protection,or support, in violation of Ohio Revised Code § 2919.22(A),Endangering Children, a misdemeanor of the first degree.
 COUNT V.
 Jon C. Stout, on or about the 30th day of September, 2005, atthe county of Logan aforesaid, did engage in sexual conduct withanother, not his spouse, when the offender was the person in locoparentis, guardian, or custodian of the child, to wit:cunnilingus with a child, date of birth 09/14/89; in violation ofOhio Revised Code § 2907.03(A)(5), Sexual Battery, a felony ofthe third degree.
 COUNT VI.
 Jon C. Stout, on or about the 30th day of September, 2005, atthe county of Logan aforesaid, did engage in sexual conduct withanother, not his spouse, when the offender was the person in locoparentis, guardian, or custodian of the child, to wit: digitalpenetration with a child, date of birth 09/14/89; in violation ofOhio Revised Code § 2907.03(A)(5), Sexual Battery, a felony ofthe third degree.
 {¶ 4} In February of 2006, the State filed a bill of particulars. Stout later filed a Crim.R. 12 motion to dismiss the aforementioned counts of the indictment. In his motion, Stout argued that the indictment was legally insufficient for failing to explain basic facts upon which his status of "in loco parentis" is based and that he is not a person in loco parentis under R.C. 2907.03(A)(5) or R.C. 2919.22(A).
 {¶ 5} In March of 2006, the State filed a motion in opposition of Stout's Crim.R. 12 motion to dismiss and an amended bill of particulars. In its amended bill of particulars, the State provided:
Count Two:
 On or about or between August 17, 2005 and October 31, 2005,the Defendant, Jon C. Stout, in Logan County, Ohio, did, as aguardian, custodian, or person having custody or control, orperson in loco parentis, of a child under the age ofeighteen, to wit: S.M. (DOB 9/14/89), created a substantial riskto the health or safety to the child under the age of eighteenyears of age by violating a duty of care, protection or support,in violation of ORC 2919.22 (A), Endangering Children, amisdemeanor of the first degree. Specifically, the Defendant didduring the time period alleged, while he was investigating a casethat involved S.M. (DOB 9/14/89), drive her in his Logan Countydetective vehicle at speeds reaching in excess of one hundredmiles per hour. The Defendant was acting as more than adetective, he was acting in loco parentis. He was the personS.M. confided to about her problems and issues. He was entrustedwith her care and protection, given her medical issues. Theparents of S.M. relied upon the Defendant to help with theemotional, psychological and physical healing process of S.M.
 Count Five:
 On or about September 30, 2005, the Defendant, Jon C. Stout,in Logan County, Ohio, did engage in sexual conduct with another,not his spouse, when the offender was the person in locoparentis, guardian or custodian of the child, to wit: S.M. (DOB9/14/89), in violation of ORC 2907.03(A) (5), Sexual Battery, afelony of the third degree. Specifically, the Defendant didengage in cunnilingus with S.M. (DOB 9/14/89), while they were inhis sheriff's office issued vehicle. The Defendant was actingin loco parentis at the time of this event. He was the personS.M. confided to about her problems and issues. He was entrustedwith her care and protection, given her medical issues. Theparents of S.M. relied upon the Defendant to help with theemotional, psychological and physical healing process of S.M.
 Count Six:
 On or about September 30, 2005, the Defendant, Jon C. Stout,in Logan County, Ohio, did engage in sexual conduct with another,not his spouse, when the offender was the person in locoparentis, guardian or custodian of the child, to wit: S.M. (DOB9/14/89), in violation of ORC 2907.03(A) (5), Sexual Battery, afelony of the third degree. Specifically, the Defendant diddigitally penetrate the vagina of S.M. (DOB 9/14/89), while theywere in his sheriff's office issued vehicle. The Defendant wasacting in loco parentis at the time of this event. He was theperson S.M. confided to about her problems and issues. He wasentrusted with her car and protection, given her medical issues.The parents of S.M. relied upon the Defendant to help with theemotional, psychological and physical healing process of S.M.
 {¶ 6} In April of 2006, Stout filed a reply to the State's opposition to his motion to dismiss. Subsequently, without hearing, the trial court granted Stout's Crim.R. 12 motion to dismiss.
 {¶ 7} It is from this judgment the State appeals, presenting the following assignments of error for our review:
Assignment of Error No. I
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S PRE-TRIALMOTION TO DISMISS BECAUSE THE INDICTMENT AND AMENDED BILL OFPARTICULARS WERE LEGALLY SUFFICIENT TO GIVE THE DEFENDANT THENOTICE OF THE CHARGES AND PRESENTED THE BASIC FACTS IN SUPPORT OFTHE DEFENDANT'S STATUS AS IN LOCO PARENTIS; THE COURT LOOKEDBEYOND THE PLEADINGS IN DECIDING DEFENDANT'S MOTION TO DISMISS.
 Assignment of Error No. II
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S PRE-TRIALMOTION TO DISMISS BASED UPON FACTUAL DETERMINATIONS THAT SHOULDBE DECIDED BY THE TRIER OF FACT AT TRIAL.
 Assignment of Error No. I
 {¶ 9} In its first assignment of error, the State argues that the trial court erred in granting Stout's pre-trial motion to dismiss. Specifically, the State asserts that the trial court erred because the indictment and amended bill of particulars were legally sufficient to put Stout on notice of the charges against him and presented the basic facts in support of Stout's status as in loco parentis and that the trial court erred when it looked beyond the pleadings in granting Stout's motion to dismiss.
 {¶ 10} The mechanism governing pretrial motions to dismiss criminal indictments is found in Crim.R. 12(C). State v. Riley,
12th Dist. No. CA2001-04-095, 2001-Ohio-8618. Crim.R. 12(C) provides:
Pretrial motions. Prior to trial, any party may raise bymotion any defense, objection, evidentiary issue, or requestthat is capable of determination without the trial of thegeneral issue. The following must be raised before trial:
* * *
(2) Defenses and objections based on defects in theindictment, information, or complaint * * *.
(Emphasis added).
 {¶ 11} The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment. Statev. McNamee (1984), 17 Ohio App.3d 175, 176. A motion to dismiss filed under Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state. State v.Patterson (1989), 63 Ohio App.3d 91, 95. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. State v. Varner
(1991), 81 Ohio App.3d 85, 86. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offenses, in this case sexual battery and endangering children. Riley, supra, citing State v. Heebsh (1992),85 Ohio App.3d 551, 556.
 {¶ 12} In the case sub judice, both parties rely on the Ohio Supreme Court's decision in State v. Noggle, 67 Ohio St.3d 31,1993-Ohio-189. In Noggle, the Court's syllabus provides, in pertinent part:
2. Indictments based upon an alleged offender's status as aperson in loco parentis should at least state the very basicfacts upon which that alleged status is based.
Id. at paragraph two of the syllabus. Also, in its opinion, the Court provides:
Finally, ordinarily, an indictment against a defendant issufficient if it states the charge against the defendant in thewords of the statute. Crim.R. 7(B). However, in regard to thisparticular statute, the words used are not sufficient. The phrase"person in loco parentis" is a general phrase demandingspecificity. Indictments based upon the alleged offender's statusas a person in loco parentis should at least state the very basicfacts upon which that status is based.
 In this case the amended bill of particulars served thepurpose of stating the basic facts supporting the allegation thatNoggle was a person in loco parentis. The fact that Noggle was ateacher and coach was insufficient to support an indictment basedupon R.C. 2907.03(A)(5). The court of appeals correctly affirmedthe trial court's dismissal. Accordingly, the judgment of theappellate court is affirmed.
Id. at 34. Based upon Noggle, Stout argues that the indictment does not provide the very basic facts upon which his status as in loco parentis is based in the aforementioned counts. Conversely, the State argues that its amended bill of particulars meets Noggle's special pleading requirement, relying on the language in the Noggle decision, "In this case the amended bill of particulars served the purpose of stating the basic facts supporting the allegation that Noggle was a person in loco parentis." Thus, under the State's interpretation, we would be required to interpret the Court's Noggle opinion in conflict with its second paragraph of the syllabus.
 {¶ 13} However, the purpose of a bill of particulars is to provide a defendant with greater detail of the nature and causes of the charges against him. State v. Lewis (1993),85 Ohio App.3d 29, 32, citing State v. Gingell (1982),7 Ohio App.3d 364. And, it is well settled that a bill of particulars cannot save an invalid indictment, since a defendant cannot be "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." Russellv. U.S. (1962), 369 U.S. 749, 770; see, also, United States v.Norris (1930), 281 U.S. 619, 622, Lewis, 85 Ohio App.3d at 32
citing Gingell, 7 Ohio App.3d 364.
 {¶ 14} Therefore, we must reject the State's interpretation of Noggle and determine whether the indictment provided the "very basic facts" upon which Stout is alleged to be in loco parentis. We begin with the fifth and sixth counts of the indictment returned against Stout, which alleged that Stout committed sexual battery in violation of R.C. 2907.03(A)(5). The fifth and sixth counts of the indictment specified, in pertinent part,
COUNT V.
 Jon C. Stout, * * * did engage in sexual conduct with another,not his spouse, when the offender was the person in loco parentis* * *, to wit: cunnilingus with a child, date of birth 09/14/89* * *.
 COUNT VI.
 Jon C. Stout, * * * did engage in sexual conduct with another,not his spouse, when the offender was the person in locoparentis, * * * to wit: digital penetration with a child, date ofbirth 09/14/89 * * *.
 {¶ 15} Upon review of the indictment, we cannot find that counts five and six of the indictment returned against Stout provided "the very basic facts" upon which his alleged status as a person in loco parentis is based. Accordingly, we find that counts five and six of the indictment did not comply with the special pleading requirement as stated in Noggle and that the trial court did not err in granting Stout's motion to dismiss with respect to counts five and six of the indictment returned against Stout.
 {¶ 16} Next, we turn to the second count of the indictment returned against Stout, which alleged that Stout committed endangering children in violation of R.C. 2919.22(A). The second count of the indictment specified, in pertinent part:
COUNT II.
 Jon C. Stout, * * * did as a guardian, custodian, or personhaving custody or control, or person in loco parentis, of a childunder the age of eighteen, to wit: date of birth 09/14/89;created a substantial risk to the health or safety to the childunder the age of eighteen years of age * * * by violating a dutyof care, protection, or support.
 {¶ 17} Upon review of the indictment, we note that the second count states the charge against Stout in the words of R.C.2919.22(A). Noggle, 67 Ohio St.3d at 34. Also, unlike R.C.2907.03(A)(5), R.C. 2919.22(A) includes "person[s] having custody or control" over the other person as potential offenders of endangering children. "Custody and control" as used in R.C.2919.22(A) has been defined as more than a casual relationship but something less than being in loco parentis. State v.Schoolcraft (May 29, 1992), 11th Dist. No. 91-P-2340; State v.Kirk (Mar. 24, 1994), 10th Dist. No. 93AP-726; State v. Smith
(Jan. 25, 1996), 8th Dist. No. 68745. Therefore, even if we were to extend the requirements of Noggle to require that the indictment provide "the very basic facts" upon which Stout is alleged to be in loco parentis, the indictment would still satisfy the requirements of Crim.R. 7(B) because the language of the indictment states the charge against Stout using the words of R.C. 2919.22(A) and Stout could have had "custody or control" over the child without being a person in loco parentis to the child. Thus, the trial court erred in granting Stout's motion to dismiss the second count of the indictment.
 {¶ 18} Having found that the trial court did not err in granting Stout's motion to dismiss with respect to the fifth and sixth counts of the indictment, but did err in granting Stout's motion to dismiss with respect to the second count of the indictment, the State's assignment of error is overruled in part and is sustained in part.
Assignment of Error No. II
 {¶ 19} In its second assignment of error, the State argues that the trial court erred in granting Stout's motion to dismiss based upon factual determinations that should be decided by the trier of fact. Our disposition of the State's first assignment of error renders the second assignment of error moot and we decline to address it. App.R. 12(A)(1)(c).
 {¶ 20} Having found no error prejudicial to Appellant herein in the particulars assigned and argued in the first assignment of error with respect to the fifth and sixth counts of the indictment against Stout, but having found error prejudicial to Appellant herein in the particulars assigned and argued in the first assignment of error with respect to the second count of the indictment against Stout, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part and CauseRemanded.
 Bryant, P.J., concurs.
 Shaw, J., concurs in Judgment Only.