OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, the State of Ohio ("State") appeals from the May 10, 2007 Judgment Entry of the Court of Common Pleas of Logan County, Ohio, granting Defendant-Appellee Jon C. Stout's ("Stout") motion to dismiss.
 {¶ 2} On January 25, 2006 a Logan County Grand Jury returned an indictment charging Stout with the following six counts: Count I, Public Indecency, a misdemeanor of the fourth degree in violation of R.C.2907.09(A)(1) and (A)(2); Count II, Endangering Children, a misdemeanor of the first degree in violation of R.C. 2919.22(A); Count III, Interference with Custody, a misdemeanor of the first degree in violation of R.C. 2919.23(A); Count IV, Contributing to the Unruliness or Delinquency of a Child, a misdemeanor of the first degree in violation of R.C. 2919.24(A)(1); and Counts V and VI; Sexual Battery, both felonies of the third degree in violation of R.C. 2907.03(A)(5). This indictment was contained in Case No. CR 06-01-0018. The State subsequently filed a bill of particulars.
 {¶ 3} On February 27, 2006 Stout filed a Criminal Rule 12 motion to dismiss counts two, five, and six of the indictment, alleging that the indictment was legally insufficient for failing to explain basic facts upon which his status of "in loco parentis" was based and that he was not a person in loco parentis under *Page 3 
R.C. 2919.22(A) or R.C. 2907.03(A)(5). On March 17, 2006 the State filed a motion in opposition to Stout's motion to dismiss and also filed an amended bill of particulars. On April 18, 2006 the trial court granted Stout's motion to dismiss counts two, five, and six of the indictment.
 {¶ 4} The State filed a timely notice of appeal of the April 18, 2006 Judgment Entry alleging that the trial court erred in granting Stout's motion to dismiss because the indictment and amended bill of particulars were legally sufficient to put Stout on notice of the charges against him and presented the basic facts in support of Stout's status as in loco parentis. On November 20, 2006 this court affirmed the trial court's dismissal of counts five and six of the indictment but reversed the dismissal of count two. This matter was remanded to the trial court for further proceedings. See State v. Stout, 3rd Dist. No. 8-06-12, 2006-Ohio-6089.
 {¶ 5} On January 11, 2007 the State re-presented what were initially counts five and six of the original indictment, with additional language, to a new Logan County Grand Jury. The Grand Jury returned a two count indictment as contained in Case No. CR-07-02-0018. This indictment stated as follows:
 COUNT I.
 Jon. C. Stout, on or about the 30th day of September, 2005, at the county of Logan, aforesaid, did engage in sexual conduct, to wit: cunnilingus, with S.M. (DOB 9/14/89), not his spouse, when he was a person in loco parentis, guardian, or custodian of S.M. (DOB 9/14/89), in violation of Ohio revised Code § 2907.03(A), *Page 4 Sexual Battery, a felony of the third degree. The Defendant was acting in loco parentis in an ongoing relationship with S.M. as she confided to him about her problems and family issues. He was entrusted by the parents of S.M. with her care and protection as he was listed on the High School emergency contact list, above other family members, as a person who could travel to her school to sign her out. By virtue of this emergency contact form, S.M. was permitted by her parents and the school to go home with the Defendant. While S.M. was in the Defendant's company he was routinely entrusted with her care and protection, given her significant medical issues. The parents of S.M. on a regular basis relied upon the Defendant to help with S.M.'s emotional, psychological, and physical healing process.
 COUNT II.
 Jon C. Stout, on or about the 30th day of September, 2005, at the county of Logan aforesaid, did engage in sexual conduct, to wit: digital penetration of the vagina, with S.M. (DOB 9/14/89), not his spouse, when he was a person in loco parentis or guardian, or custodian of S.M. (DOB 9/14/89), in violation of Ohio Revised Code § 2907.03(A), Sexual Battery, a felony of the third degree. The Defendant was acting in loco parentis in an ongoing relationship with S.M. as she confided to him about her problems and family issues. He was entrusted by the parents of S.M. with her care and protection as he was listed on the High School emergency contact list, above other family members, as a person who could travel to her school to sign her out. By virtue of this emergency contact form, S.M. was permitted by her parents and the school to go home with the Defendant. While S.M. was in the Defendant's company he was routinely entrusted with her care and protection, given her significant medical issues. The parents of S.M. on a regular basis relied upon the Defendant to help with S.M.'s emotional, psychological, and physical healing process. *Page 5 
 {¶ 6} On February 8, 2007 Stout appeared for his arraignment wherein he entered a plea of not guilty to both counts contained in the indictment.[1] On February 16, 2007 the State filed a bill of particulars.
 {¶ 7} On March 2, 2007 Stout filed a Crim.R. 12 motion to dismiss counts one and two of the indictment wherein Stout argued that the allegations contained in the indictment still fell short of meeting the legal standard for the definition of a person in loco parentis under R.C. 2907.03(A)(5). On March 16, 2007 the State filed a response in opposition to Stout's motion to dismiss. The trial court conducted a hearing on this matter on March 21, 2007.
 {¶ 8} On May 10, 2007 the trial court issued a Judgment Entry wherein it held that "[t]he allegations of the Indictment failing to fall within the definition of "in loco parentis" as defined by the Ohio Supreme Court, both Count 1 and Count 2 of the Indictment in Case No. CR-07-02-0018 are dismissed at the cost of the State."
 {¶ 9} The State now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S PRE-TRIAL MOTION TO DISMISS FILED MARCH 2, 2007 BECAUSE THE INDICTMENT WAS LEGALLY SUFFICIENT TO GIVE THE APPELLEE NOTICE OF THE CHARGES AND PRESENTED THE BASIC FACTS IN SUPPORT OF THE APPELLEE'S STATUS AS IN LOCO PARENTIS; THE COURT LOOKED BEYOND THE *Page 6 PLEADINGS IN DECIDING THE APPELLEE'S MOTION TO DISMISS.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN GRANTING STOUT'S PRE-TRIAL MOTION TO DISMISS FILED MARCH 2, 2007, BASED UPON FACTUAL DETERMINATIONS THAT SHOULD BE DECIDED BY THE TRIER OF FACT AT TRIAL.
 Assignment of Error No. 1 {¶ 10} In its first assignment of error, the State argues that the trial court erred in granting Stout's pre-trial motion to dismiss. Specifically, the State alleges that the trial court improperly dismissed the charges based upon an incorrect legal view of what must be alleged for the State to prosecute someone for Sexual Battery under an in loco parentis theory.
 {¶ 11} Crim.R. 12 governs the filing of pleadings and motions before trial, including pretrial motions to dismiss criminal indictments. SeeState v. Riley, 12th Dist. No. CA2001-04-095, 2001-Ohio-8618. This rule provides, in relevant part, as follows:
 (C) Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 (1) Defenses and objections based on defects in the institution of the prosecution;
 (2) Defenses and objections based on defects in the indictment, information, or complaint * * *. *Page 7 
 {¶ 12} A motion to dismiss filed pursuant to Crim.R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state.State v. Patterson (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. State v. Varner (1991),81 Ohio App.3d 85, 86, 610 N.E.2d 476. Therefore, in addressing a defendant's motion to dismiss, the court is limited to determining whether the language within the indictment alleges the offenses, in this case, Sexual Battery. See Riley, supra, citing State v. Heebsh (1992),85 Ohio App.3d 551, 556, 620 N.E.2d 859.
 {¶ 13} In the present case, the State argues that the charges set forth in the second indictment meet the special pleading requirements set forth in State v. Noggle (1993), 67 Ohio St.3d 31, 615 N.E.2d 1040
and that the trial court erroneously applied the facts alleged in the pleadings to the standard in Noggle, going beyond the determination as to whether the pleadings were legally sufficient. Additionally, the State argues that this court should follow the reasoning of the Tenth District Court of Appeals set forth in State v. Funk, 10th Dist. No. 05AP-230, 2006-Ohio-2068 which the State alleges expanded Noggle's interpretation of in loco parentis. *Page 8 
 {¶ 14} We note that both the State and Stout rely on the Ohio Supreme Court's decision in Noggle. In Noggle, the defendant-appellee was a high school teacher and coach who was charged with sexual battery based upon alleged sexual conduct with a student. The Court's syllabus inNoggle provided as follows:
 1. The phrase "person in loco parentis" in R.C. 2907.03(A)(5) applies to a person who has assumed the dominant parental role and is relied upon by the child for support.
 2. Indictments based upon an alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that alleged status is based.
Additionally, in Noggle, the Ohio Supreme Court stated as follows:
 The phrase "person in loco parentis" in R.C. 2907.03(A)(5) applies to a person who has assumed the dominant parental role and is relied upon by the child for support. This statutory provision was not designed for teachers, coaches, scout leaders, or any other persons who might temporarily have some disciplinary control over a child. Simply put, the statute applies to the people the child goes home to.
 Appellant argues that there may be certain scenarios where a teacher might be considered as a person in loco parentis. The only time a teacher could be found to be so would be if the student lived with the teacher and relied on the teacher for support. Being a teacher, for purposes of this statute, is no more relevant that being a firefighter, an accountant, or a flight attendant.
 * * *
 Finally, ordinarily, an indictment against a defendant is sufficient if it states the charge against the defendant in the words of the statute. Crim.R. 7(B). However, in regard to this particular statute, the words used are not sufficient. The phrase "person in loco parentis" is a general phrase demanding specificity. Indictments based upon the alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that status is based. *Page 9 
 In this case the amended bill of particulars served the purpose of stating the basic facts supporting the allegation that Noggle was a person in loco parentis. The fact that Noggle was a teacher and coach was insufficient to support an indictment based upon R.C. 2907.03(A)(5). (Emphasis added).
Id. at 33-34.
 {¶ 15} Therefore, pursuant to Noggle, to meet the definition of in loco parentis a person must assume a dominant parental role and be relied upon by the child for support. Additionally, we note that the language in Noggle which provides that a person must be "relied upon by the child" or be "the people the child goes home to" implies that for a person to be found in loco parentis, he or she must provide financial support to the child, or be in a position of the residential or custodial caregiver of the child.
 {¶ 16} In State v. Funk, a jury convicted Funk of two counts of sexual battery in violation of R.C. 2907.03 based upon his status of being in loco parentis to the victim who was staying at his house. On appeal Funk alleged, in relevant part, that the trial court erred by overruling his motion to dismiss the charges due to an insufficient indictment[2] and that the evidence was insufficient to find him guilty and therefore he was entitled to a judgment of acquittal pursuant to Crim.R.29. Specifically, Funk argued that the indictment was defective because it *Page 10 
did not state the basic facts upon which his alleged status as "in loco parentis" (with respect to the minor victim) was based. Funk at ¶ 54.
 {¶ 17} Based upon our review of Funk, we find that the Tenth District Court of Appeals did not reject or expand the Ohio Supreme Court's definition of in loco parentis set forth in Noggle. Instead, we find that the Tenth District merely established that the element of financial support implied in the Noggle syllabus is not solely determinative of a person's status as in loco parentis. Specifically, we note that the court stated as follows:
 This close, supportive and protective relationship need not, however, include provision for the material needs of the child. * * *
 The offices and duties of a parent are . . . infinitely various. Some have no connection whatever with making provision for the child; and many of the benefits of such a relationship, under given circumstances, would be much more important than the making of such provision.
Funk at ¶ 70. The court also noted that "[n]umerous other federal authorities have concluded that the assumption of the in loco parentis relationship is primarily a question of intention, which is shown by the `acts, conduct and declaration of the person [allegedly standing] in that relationship.'" Id. at ¶ 71.[3]
 {¶ 18} Additionally, we note that Funk further determined that the custodial element of the Noggle test does not necessarily always have to be permanent; that *Page 11 
in fact, temporary custody or residence does not necessarily preclude a finding of in loco parentis. In rejecting Funk's argument that "Noggle's reference to the `people the child goes home to' suggests that the concept of in loco parentis embodies a permanency, or at least an indefiniteness, with respect to the duration of the relationship between the victim and the perpetrator" the Tenth District found as follows:
 First, we do not agree with appellant's position that we should require evidence of permanence or indefiniteness in determining whether appellee has established that appellant stood in loco parentis to L.E. [the victim]. There is nothing in R.C. 2907.03(A)(5) that places a temporal restriction on the in loco parentis status of a defendant, or on the relationship giving rise to such status, and the Supreme Court of Ohio has not pronounced that such a requirement exists.
 * * *
 Indeed, guardians and custodian, who take the place of a parent, can and often do fill this role on a temporally limited basis as dictated by the very circumstances that occasioned the inception of the relationship in the first instant.
 We also reject the proposition that because L.E. was "merely a visitor" appellant could not acquire in loco parentis with respect to her.
Funk at ¶ 93-95.
 {¶ 19} Accordingly, contrary to the State's argument in the present case that Funk is somehow contrary to or conflicts with the Ohio Supreme Court's decision in Noggle and this court should follow Funk, we find that Funk is not inconsistent with Noggle. Rather the two cases together establish a consistent and functional *Page 12 
framework for evaluating allegations of in loco parentis. Therefore, with the Noggle and Funk standards in mind, we must determine whether the January 11, 2007 indictment provided the "very basic facts" upon which Stout was alleged to be in loco parentis.
 {¶ 20} Both counts one and two of the indictment alleged, in relevant part, as follows:
 The Defendant was acting in loco parentis in an ongoing relationship with S.M. as she confided to him about her problems and family issues. He was entrusted by the parents of S.M. with her care and protection as he was listed on the High School emergency contact list, above other family members, as a person who could travel to her school to sign her out. By virtue of this emergency contact form, S.M. was permitted by her parents and the school to go home with the Defendant. While S.M. was in the Defendant's company he was routinely entrusted with her care and protection, given her significant medical issues. The parents of S.M. on a regular basis relied upon the Defendant to help with S.M.'s emotional, psychological, and physical healing process.[4]
 {¶ 21} Based on our review of the indictment and bill of particulars contained in the present case, we find that the factual allegations made by the State in the indictment are insufficient to meet the basic elements of in loco parentis as set forth in the Noggle andFunk decisions. Specifically, we find that none of these allegations allege that Stout assumed the dominant parental role and that he *Page 13 
was relied upon by the child for support, so as to comply with the requirements of Noggle or Funk.
 {¶ 22} Accordingly, we find that the trial court did not err in granting Stout's motion to dismiss counts one and two of the January 11, 2007 indictment. Therefore, the State's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 23} In its second assignment of error, the State argues that the trial court erred in granting Stout's motion to dismiss based upon factual determinations that should be decided by the trier of fact. However, based upon our disposition of the State's first assignment of error, we find the second assignment of error to be moot and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 24} Based on the foregoing, the May 10, 2007 Judgment Entry of the Court of Common Pleas of Logan County, Ohio is affirmed.
Judgment affirmed.
 PRESTON, J., concurs.
 ROGERS, J., concurs separately.
[1] On March 28, 2007 the trial court issued an Entry joining Case No. 06-01-0018 and Case No. 07-02-0018 into a single action under the second case number for purposes of trial.
[2] We note that in Funk the Defendant-Appellant did not file a Crim.R.12 motion to dismiss or otherwise challenge the sufficiency of the indictment prior to trial. Thus, he waived any argument with respect to alleged defects in the charging instrument and waived all but plain error. Funk at ¶ 49-50.
[3] Citing Leyerly v. United States (C.A. 10, 1947), 162 F.2d 79, 85. See, also, Banks v. United States (C.A.2 1959), 267 F.2d 535;Meisner v. United States (W.D. Mo. 1924), 295 F. 866; Miller v. UnitedStates (C.A. 8, 1942), 123 F.2d 715.
[4] We note that the February 16, 2007 bill of particulars filed by the State also set forth the exact same language of allegations contained in counts one and two of the January 11, 2007 indictment.